John H. Pennock, J.
This is a motion by the plaintiffs for summary judgment in this declaratory judgment action on the ground that there are no triable issues of fact. The defendant cross-moves concomitantly for summary judgment on the ground that there is no issue of fact.
The complaint avers that the plaintiff, Abraham Kranker, is 68 years of age and has been a member of the Employees Retirement System of the State of New York since February, 1941, and has over 30 years’ membership in the Employees Retirement System; that he is eligible for retirement at any time; that he has 25 days of unused vacation credits as of September 23, 1971; (Parenthetically, pursuant to section 23.1 of the Rules and Regulations of the Department of Civil Service [4 NYCRR 23.1] State employees are compensated in cash for vacation credits up to 30 days accrued but unused as- of the date of retirement. Currently this unused vacation pay is added to the final average annual salary for computation of retirement benefits.) That section 431 of the Retirement and Social Security Law was enacted (L. 1971, ch. 503, § 19) effective April 1,1972, which excludes any vacation pay for retirement purposes.
It reads as follows: 1 ‘ 431. Salary based for computing retirement benefits. In any retirement or pension plan to which the state or municipality thereof contributes, the salary base for the computation of retirement benefits shall in no event include any of the following earned or received, on or after April first, nineteen hundred seventy-two:
‘ ‘ 1. lump sum payments for deferred compensation, sick leave, accumulated vacation or other credits for time not worked.
‘ ‘ 2. any form of termination pay,
*226 ‘1 3. any additional compensation paid in anticipation of retirement, or
‘1 4. that portion of compensation earned during any twelve months included in such salary base period which exceeds that of the preceding twelve months by more than twenty per centum.” (Retirement and Social Security Law, § 431.)
The defendant moves for summary judgment urging that the constitutional prohibition against impairment of retirement benefits relates only to those benefits in force on July 1, 1940 the effective date of the constitutional provision. (N. Y. Const., art. V, •§ 7.) This provision of the Constitution reads as follows : “ After July first, nineteen hundred forty, membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired.” He avers that, 1 ‘ Inclusion of the cash value of unused vacation credits in computing ‘ final average salary ’ is not mandated in law, nor is it specifically authorized by statute. He further avers reliance on section 41 of the Retirement and Social Security Law. (This section deals with sick leave and has no probative value on this motion dealing with unused vacation.)
In view of the fact that both parties move for summary judgment the court is hard pressed to find an issue of fact that would require a plenary trial. In fact each party seems to rely basically on the interpretation of the related statutes and administrative procedures. At this point the court has nothing in the record which pin-points the date unused vacation pay was first used in computing retirement. Certainly a conclusory averment that " the inclusion of cash value of unused vacation credits in computing final average salary in recent years, subsequent to 1940 by administrative action ’ ’ is not very decisive but is sufficient to constitute an interpretive administrative procedure of long standing. (City of New York v. New York City Ry. Co., 193 N. Y. 543.)
The defendant admits that the administrative act of the Comptroller motivated the inclusion of a period of unused vacation time and parenthetically admits that this was an administrative act of the Comptroller. There has been no question raised in respect to the legality of this administrative act. This discretionary administrative act on his part (the Comptroller) is within those powers granted to him by the Legislature. (Retirement and Social Security Law, § 11, Duties of Comptroller; the actuary.) Inter alia this section provides that, “ The Comptroller shall be the administrative head of the retirement system” and that “ Subject to the limitations of *227 [the Retirement and Social Security Law], he shall adopt and may amend from time to time, rules and regulations for the administration * * * of the retirement system and for the custody and control of its funds.”
This declaratory judgment action poses important and far-reaching questions as to the administration of the New York State Retirement System. It shall have a great financial effect on the employee who is within reach of the golden years of retirement. The employee has relied upon the security offered by membership in the Retirement System which is generally regarded as an inducement to employment in State service. It shall be of great importance to the employees who have entered service with the knowledge of this benefit. It shall have great impact on the taxpayer who is eventually called upon to foot the cost of all retirement benefits. It shall particularly concern the power of the trustee of the system, the Comptroller of the State of New York, in his interpretation of statutes which serve as guide lines for his administration of the system. The Comptroller’s formula in arriving at an employees “ final average salary ’ ’ has included the 30 days ’ vacation pay ingredient, in fact he is still employing this benefit. There is no doubt that the Legislature was aware of this course of conduct of the contracting parties. This act of the Comptroller when accepted and acted upon by the employees, became a contract and there was no doubt as to what the contract meant. It must be presumed that the Legislature had knowledge of the appropriations provided in the approved budgets for the past 30 years. Under these circumstances the practical construction of the parties by a uniform course of conduct under all administrations of the State government for more than 30 years is of controlling importance. So, when the meaning of a statute is doubtful, a practical construction by those for whom the law was enacted, (employees), or by public officers whose duty it was to enforce it, (here the Comptroller and Legislature), acquiesced in by all for a long period of time, ‘ ‘ is entitled to great, if not controlling, influence.” (Chicago v. Sheldon, 9 Wall. [76 U. S.] 50, 54; also People ex rel. Williams v. Dayton, 55 N. Y. 367, 378.) The practical construction of a doubtful statute by the Legislature and executive departments, continued for many years, was held to have “ controlling weight in its interpretation.” To the same effect is the case of Power v. Village of Athens (99 N. Y. 592). It is held to have great weight even in the construction of the Constitution itself. (People v. Home Ins. Co., 92 N. Y. 328, 337.) Obviously thousands of retired employees have been benefited over a long period of time without objection as to the *228 legality of the method by which these benefits were bestowed, and it would now seem too late to raise a question fraught with such dangerous consequences for all public servants both active and retired. There is no question but that portion of chapter 503 of the Laws of 1971 which excludes accumulated vacation pay is obnoxious to section 7 of article V of the New York State Constitution.
Therefore, this court renders a summary judgment in this declaratory judgment action declaring that section 431 of the Retirement and Social Security Law, as added by chapter 503 of the Laws of 1971, is null, void, ineffective and of no force whatsoever in respect to that part which eliminates accumulated vacation credits as now provided on the grounds that it is a violation of section 7 of article Y of the New York State Constitution, except that on or after the effective date of April 1, 1972, the provision shall have full force and effect in respect to those who enter the Retirement System.