In the Matter of HAROLD SIMONDS, Appellant, *v.* NEW YORK STATE TEACHERS' RETIREMENT SYSTEM et al., Respondents.

Third Department, November 8, 1973.

*Sneeringer & Rowley, P. C.* (*Richard R. Rowley* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*John Q. Driscoll* and *Ruth Kessler Toch* of counsel), for respondents.

MAIN, J. This is an appeal from a judgment of the Supreme Court at Special Term, entered October 20, 1972 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel the respondents to include a 12% salary increase received in his final year of service in the computation of petitioner's final average salary for the purpose of determining his retirement allowance.

Petitioner, a member of the New York State Teachers' Retirement System, was employed as a teacher by the Pelham School District in Westchester County at the time of his retirement at the close of the 1970–1971 school year. Pursuant to an agreement between the Pelham Teachers' Association, the bargaining agent for teachers employed in the district, and the Pelham Board of Education, petitioner had notified the Superintendent of the district, by letter dated June 8, 1970, of his subsequent retirement and thereby qualified for a 12% salary increase for his final year of teaching. Thereafter, petitioner received, at his own request, an estimate of $10,050 per year as his likely retirement allowance, based expressly upon the assumption that his annual salary, as reported by his employer, did not include any terminal leave payments. Later when the Pelham Superintendent submitted an amended report of petitioner's salary, listing the 12% increase as " terminal leave pay ", the retirement system notified the petitioner that his annual allowance would be $9,763.56, as his salary for his final year of service had

included termination pay which is specifically excluded from the computation of his allowance. Petitioner commenced this proceeding to review the actions of the retirement system and the board, in excluding his 12% differential and to require the computation and payment of his retirement benefits on the basis of his final average salary, including the differential. The court below dismissed the petition, finding that the salary increase in the final year of service was a retirement award and that to include it in the computation of the retirement allowance would be violative of the express dictates of section 501 of the Education Law.

The central issue presented on this appeal is whether this 12% increase constituted a form of termination pay to be excluded from the computation of petitioner's final average salary under subdivision 11 of section 501 of the Education Law in the determination of petitioner's annual retirement allowance.

We hold that the increase did constitute a form of termination pay and that it was properly excluded from the computation. While petitioner, in his linguistic analysis of the phrase " exclusive of any lump sum payments for sick leave, annual leave or any other form of termination pay " from subdivision 11 of section 501 of the Education Law, concludes that this phrase precludes only " lump sum payments " of termination pay from the computation of final average salary, this conclusion is neither necessarily correct nor dispositive of this case. One might well read the words " any lump sum payments " as modifying only " for sick leave " with the words " annual leave " and " any other form of termination pay " standing independently as exclusions from the computation. Such a reading would be more in harmony with the general language employed in this subdivision which defines final average salary as the " average regular compensation earned as a teacher " (Education Law, § 501, subd. 11), and would foster the obvious legislative intent in enacting the statute to insure that the basis used to compute retirement allowances reflected a percentage of " regular salary " earned over a period of years. We would reach a like result, even if we accepted petitioner's analysis of the statutory language, as we would then hold that the increase constituted a " lump sum payment " which petitioner would receive during his final year of employment. Thus, under either interpretation, the obvious intent of the Legislature would be effectuated and the computation would not be disturbed.

Petitioner's further contentions are similarly without merit. It was not error for the court below to cite section 431 of the

Retirement and Social Security Law in its decision, as the section was used only for the purposes of analogy and no attempt was made to make it retroactively apply to this case (cf. *Kranker* v. *Levitt,* 30 N Y 2d 574, affg. 68 Misc 2d 224). Likewise, petitioner was not entitled to a hearing in this matter where no factual issues were in dispute (cf. *Goldberg* v. *Kelly,* 397 U. S. 254), and respondents were not estopped from lowering petitioner's benefits since their original statement to him was an estimate only and expressly based upon an assumption which proved to be untrue.

The judgment should be affirmed, without costs.

HERLIHY, P. J., STALEY, JR., COOKE and KANE, JJ., concur.

Judgment affirmed, without costs.