■ In the Matter of the Appointment of a Committee of the Person and Property of ANNA JAVARONE, an Alleged Incompetent Person, Respondent. NELLIE D. DeRIZZO, Appellant. Appeal from a judgment of the County Court, Fulton County, entered January 25, 1974, which dismissed petitioner's application pursuant to section 78.03 of the Mental Hygiene Law for the appointment of a committee of Anna Javarone. This proceeding was brought on a verified petition by the siblings of respondent to have her declared incompetent and for the appointment of a committee. Respondent filed an answer demanding dismissal of the petition and also submitted affidavits in support of her position. After examining the papers submitted by both parties, the court concluded that no issue of fact was raised and dismissed the petition. This appeal ensued. Petitioner contends that the papers submitted raised issues of fact and pursuant to section 78.03 of the Mental Hygiene Law a trial was required. Respondent maintains that no issue of fact was raised by the papers and the court properly dismissed the petition. Subdivision (e) of section 78.03 of the Mental Hygiene Law provides that "Upon the return date of the petition, the matter shall proceed to hearing, or if a triable issue or issues of fact be raised shall proceed to trial, as prescribed by the civil practice law and rules for the conduct of special proceedings." The pertinent section of the Civil Practice Law and Procedures is CPLR 409 (subd [b]), which provides "The court may make a summary determination upon the * * * papers * * * to the extent that no triable issues of fact are raised." In our opinion, the two statutes involved authorized the court within its discretion to grant summary determination upon the papers alone if no triable issues of fact were raised *(Matter of Simonds v New York State Teachers' Retirement System,* 42 AD2d 470). The question, therefore, narrows to whether the petition, answer and

affidavits submitted create triable issues of fact. To resolve this question we apply the same test and standards used when considering a motion for summary judgment.

In the instant case, the petition and affidavits submitted by petitioner allege that respondent exposed herself naked in public; that she had delusions of seeing her deceased parents; that she had uncontrollable fits of temper and that she is filthy in her appearance. The petition also claims that the sale of certain property by the respondent to a brother was for less than adequate consideration. Respondent's answer denies all of the allegations oᶠ the petition and alleges that respondent is competent to manage her properties and sold them for adequate and full consideration. She submitted an affidavit from her attending physician who swears with reasonable medical certainty that respondent is competent and able to manage her affairs. Also submitted is an affidavit by a real estate broker who appraised the property and concluded that the sale price was adequate. A further affidavit by a local banker alleges that he has done business with respondent and, in his opinion, she is capable of managing her own affairs. Considering the record in its entirety, we are of the view that no triable issues of fact are raised and the court properly dismissed the petition. Judgment affirmed, with costs. Herlihy, P. J., Greenblott, Sweeney, Larkin and Reynolds, JJ., concur. [76 Misc 2d 20.]