Albert A. Oppido, J.
The defendant, Long Island Lighting Company (LILCO) has moved to dismiss the cross complaint brought by the Town of Islip (ISLIP) on the grounds that it has a defense founded upon documentary evidence; that the court has no jurisdiction over the subject matter of the cause of action; and that the complaint fails to state a cause of action (CPLR 3211, subd [a], pars 1, 2 and 7).
ISLIP has moved to dismiss the defenses interposed by LILCO on the grounds of res judicata and documentary evidence and has moved for summary judgment on the ground that there is no valid defense to its complaint (CPLR 3211, subds [b] and [c]).
From the complaint and the papers submitted by the parties in support of their respective motions, it appears that ISLIP seeks reimbursement for so much of city and village gross revenue taxes imposed upon LILCO as were, prior to May, 1973, included in the utility’s operating expenses in establishing rate schedules and thus charged and collected from LIL-CO’s users in the unincorporated areas of ISLIP and from ISLIP itself.
In order to fully understand the present action, a brief review of the history concerning the gross revenue tax is necessary.* In 1937, section 186-a of the Tax Law (L 1937, ch 321) was enacted to authorize the State of New York to impose a gross revenue tax on utilities doing business within the State. In the same year, the General City Law was amended to add section 20-b, which provided that any city in this State could impose a tax such as was imposed by section 186-a of the Tax Law, although at the limited rate of one percent (1%). In 1950, the Village Law was amended to add section 138-d (renumbered § 131 in 1954) to grant similar taxing power to the villages of the first class. In 1967, this taxing power was extended to authorize any village to impose *349 a tax on the gross revenues of utilities operating within any such village (Village Law, § 5-530).
These city and village gross revenue taxes, during the period prior to 1973, were treated by LILCO as normal operating expenses incurred in the conduct of its business and such taxes as were imposed by cities and villages were recovered from all the customers it serviced, pursuant to filed rate schedules approved by the Public Service Commission. As stated in Lotto v Long Is. Light. Co. (80 Misc 2d 8, 11) "the effect obviously was to pass on to LILCO’s users not resident in a city or a village that imposed a gross revenue tax, a share of the increase in rates required by the imposition of such a tax by such local municipalities as did in fact impose one.”
In 1970, the Public Service Commission, in a proceeding involving the Matter of Consolidated Edison Co. (10 PSC Rep 434; 85 PUR 3d 276), approved a tariff provision for rate differentials reflecting the tax rates applicable in various jurisdictions, i.e., the commission approved the imposition by Consolidated Edison of a surcharge on the residents of those cities and villages which imposed a gross revenue tax. Thereafter, in 1973, the Public Service Commission, in cases numbered 26283 and 26284, approved a similar provision with respect to LILCO’s rate schedule and authorized LILCO to collect a surcharge equivalent to the tax from those consumers within the cities and villages which imposed the gross revenue tax. This rate schedule filed by LILCO was found to be legal and valid by Mr. Justice Di Paola in Lotto v Long Is. Light. Co. (supra).
It is against this background that we examine the defenses raised by LILCO to ISLIP’s action and the claim by ISLIP that those defenses were the exception of the claim that the complaint fails to state a cause of action have been resolved adversely to LILCO in Lotto v Long Is. Light Co. (supra) and may not now be relitigated.
We turn first to ISLIP’s claim that LILCO’s defenses that (1) the court has no jurisdiction over the subject matter of IS-LIP’s cause of action and (2) that it has a defense founded on documentary evidence have been conclusively resolved against LILCO in the case of Lotto v Long Is. Light. Co. (supra). In order to invoke the doctrine of res judicata or collateral estoppel, "there must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action and * * * there must have been a full and fair *350 opportunity to contest the decision now said to be controlling.” (Vavolizza v Krieger, 33 NY2d 351, 356; S. T. Grand, Inc. v City of New York, 32 NY2d 300, 304.) While there is no question that LILCO had a full and fair opportunity to contest the decision of the court in Lotto v Long Is. Light. Co. (supra), the issues presented in that case and the issue presented in the instant case are not identical. In the Lotto case, the court held that the rate schedule of LILCO, effective in May, 1973, was valid and legal and that the procedure made therein for the allocation of the expense of city and village gross revenue taxes on LILCO, i.e., authorizing LILCO to collect a surcharge equivalent to the tax from those consumers within cities and villages which imposed the tax, was proper and reasonable. In the instant case, the issue is whether LILCO, prior to May, 1973, acted in contravention of law when it recovered local gross revenue taxes as general operating expenses from all its customers rather than from only customers within villages and cities which imposed the tax. Since there is no "identity of issue”, ISLIP’s claim that the Lotto decision mandates that this court strike all the defenses raised by LILCO in the present action, with the exception of the defense that the complaint fails to state a cause of action, is without merit.
Turning then to LILCO’s defenses f,o ISLIP’s action, the main thrust of LILCO’s motion is that ISLIP’s claim constitutes an impermissible collateral attack upon determinations made by the Public Service Commission that local municipal gross revenue taxes were to be treated as general operating expenses in LILCO’s rate schedules prior to May, 1973. Assuming that the manner in which all costs, including taxes, are treated in the rate schedules of public utilities is a matter reserved to the Public Service Commission in the first instance, as urged by LILCO (cf. City of Troy v United Traction Co., 202 NY 333; City of Rochester v Rochester Gas & Elec. Corp., 233 NY 39, 49), that is not dispositive of this matter, since the issue here presented is whether the Public Service Commission properly construed the various taxing statutes prior to 1973. This latter issue is one for resolution by the courts (cf. Kovarsky v Brooklyn Union Gas Co., 279 NY 304, 313, 314; Matter of Mounting & Finishing Co. v McGoldrick, 294 NY 104, 108).
In resolving this issue, the court notes that the statutes involved herein, section 5-530 of the Village Law and its predecessors, and section 20-b of the General City Law are *351 ambiguous with respect to whether the gross revenue tax should be treated as part of a system operating cost. In one portion of the Village Law, the following language is contained: "A tax imposed pursuant to this section shall have application only within the territorial limits of any such village”. (Village Law, § 5-530, subd 1.) The same provision may be found in section 20-b of the General City Law. In both of these two statutes, however, the following provision also appears: "all of the provisions of section one hundred eighty-six-a of the tax law, so far as the same are or can be made applicable with such limitations as are set forth in this section, and such modifications as may be necessary in order to adapt such taxes to local conditions shall apply to the taxes authorized by this section”. (Village Law, § 5-530, subd 3; General City Law, § 20-b.) One of the provisions of section 186-a of the Tax Law specifically provides that the tax imposed upon a utility by that section "shall constitute a part of the operating costs of such [a] utility.” (Tax Law, § 186-a, subd 12.) In aiding the court in resolving this ambiguity, the "practical construction put upon an ambiguous statute by administrative officers charged with its execution, and made the basis of their practice for a period of long duration and generally acquiesced in, is strong evidence of the meaning of the law”. (Jaffe Plumbing & Heating Co. v Brooklyn Union Gas Co., 51 Misc 2d 1083, 1088, affd 29 AD2d 1051; see, also, City of New York v New York City Ry. Co., 193 NY 543; Kranker v Levitt, 68 Misc 2d 224.)
Put another way, the interpretation and construction of section 5-530 of the Village Law and section 20-b of the General City Law by the Public Service Commission is to be accepted by the court "if it has warrant in the record and a reasonable basis in law. * * * The judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body”. (Matter of Willcox v Stern, 18 NY2d 195, 203, citing Matter of Mounting & Finishing Co. v McGoldrick, 294 NY 104, 108.)
In the case at bar, however, we find two interpretations of the taxing statutes. From 1937 to 1970, the Public Service Commission treated the gross revenue tax imposed by section 5-530 of the Village Law and its predecessors and section 20-b of the General City Law as a general operating expense to be recovered by the utility from all of its customers. In 1970, however, in Matter of Consolidated Edison Co. of N. Y. (10 *352 PSC Rep 434; 85 PUR 3d 276, 298) the commission allowed Consolidated Edison to surcharge the residents of New York City an amount equal to the amount of the gross revenue tax imposed by New York City on it. In 1973, the commission approved a similar plan involving LILCO (PSC Opn No. 73-17).
In the opinion of this court, there was no statutory justification for the commission’s former interpretation. As the Court of Appeals unequivocally stated in Gaynor v Marohn (268 NY 417, 430): "The State may authorize cities, villages or counties, as it. has done by the provisions of the General Municipal Law, to establish lighting and power plants and systems. So, too, it may create power districts for this purpose, whether they embrace a county, or a portion of a county, or many counties, but the money to be raised for this purpose, if it is to come from taxation, must be limited to a tax or assessment upon the property benefited. For instance, the county of Albany cannot be taxed for the purpose of lighting the county of Rensselaer, which goes untaxed.” (See, also, Matter of Village of Gowanda v County of Erie, 25 AD2d 18, 24-25.)
Put another way, "When a statute may be interpreted in two ways, one of which works manifest inequitable results and the other just and reasonable results, the latter must prevail”. (Jaffe Plumbing & Heating Co. v Brooklyn Union Gas, 51 Misc 2d 1083, 1088, affd 29 AD2d 1051.)
The court agrees with the commission’s present interpretation of the aforesaid statutes for it results in collecting the tax from the utility customers located in the municipality that imposed the tax and which benefits from the additional revenue thus obtained, a far more equitable result than increasing the utility rates for those of LILCO’s customers, who do not reside in the cities or villages which impose the gross revenue tax.
However, at this juncture, this court is faced with an insurmountable problem in determining whether to apply the commission’s current interpretation of the statutes retroactively so as to permit ISLIP to recover from LILCO the moneys paid by itself and its prior and present residents for the gross revenue taxes imposed by cities and villages on LILCO. This court cannot determine from the record before it the burden which a retroactive application would impose upon LILCO. (See Retail, Wholesale and Department Store Union AFL-CIO v NLRB, 466 F2d 380, 389-391 and cases cited therein; see, also, Johnson v New Jersey, 384 US 719, 726-728; *353 Rosenstiel v Rosenstiel, 16 NY2d 64 concurring opn of Desmond, Ch. J.; Harris v Jex, 55 NY 421.) Accordingly, this court must, at this time deny LILCO’s motion to dismiss ISLIP’s complaint on the ground that it fails to state a cause of action, without prejudice to its renewal at trial, at which time it may offer, among other things, evidence demonstrating the burden upon it of applying the present interpretation of section 5-530 of the Village Law and section 20-b of the General City Law retroactively.
In light of the above determination, the motion for summary judgment by ISLIP must be denied at this time.

 A more detailed history of the gross revenue taxes involved herein may be found in Lotto v Long Is. Light. Co. (80 Misc 2d 8).