■ In the Matter .of MARCUS J. MARTONE, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered August 30, 1983 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for a recomputation of his retirement allowance.

Petitioner was employed by the Sewanhaka Central High School District as its director of physical education and athletics. In 1980, he elected to collect a bonus known as a "longevity option" which the district provided for those employees with 20 or more years of service and which was the equivalent of 30% of one year's salary. Petitioner opted to collect this bonus by receiving an additional 10% of his salary over three school years: 1979-1980, 1980-1981 and 1981-1982. Petitioner retired effective June 30, 1982. However, at the request of the district, he worked the first two weeks of July, 1982 in order to provide a smooth transition for his successor.

When respondent calculated petitioner's retirement benefits by averaging petitioner's final average salary for the last five years of his employment (see Education Law, § 501, subd 11, par a), it did not factor in the amounts which petitioner received via the longevity option ($10,909) nor the extra pay he received for working two extra weeks in July, 1982 ($1,896.76). Petitioner objected to these omissions and brought the instant CPLR article 78 proceeding for an order directing the recalculation of his benefits with the inclusion of these additional sums. Special Term dismissed the petition and this appeal ensued.

Pursuant to section 501 (subd 11, par b) of the Education Law, retirement benefits are to be based on the applicant's "final average salary", which is defined as: "the average *regular compensation earned* as a teacher during the three years of actual

service immediately preceding his date of retirement * * * exclusive of any lump sum payments for sick leave, annual leave or any other form of termination pay" (emphasis added). Turning first to petitioner's argument that his longevity pay should have been included in respondent's calculations, respondent could reasonably have concluded that these payments did not constitute "regular compensation" earned by petitioner during the years in question. They were in the nature of a bonus awarded to petitioner for his completion of 20 years of service. Further, they were earned by him over that 20-year period and not during the final three years of his employment when the proceeds of the bonus were actually paid to him. Accordingly, respondent was correct in its refusal to incorporate the longevity payments into its calculations of petitioner's retirement benefits. In analogous situations, the case law is clear that payments made near the end of an applicant's career of benefits which he accumulated throughout the course of his working life will not be included in the ultimate determination of his retirement income (see *Matter of Civil Serv. Employees Assn. v Regan,* 94 AD2d 148 [payments for unused sick time not includable]; *Matter of Vescio v Levitt,* 53 AD2d 934 [total payments for unused vacation time not includable]; *Matter of Simonds v New York State Teachers' Retirement System,* 42 AD2d 470 [termination pay not includable]).

Similarly, we reject petitioner's contention that respondent should have included in its calculations his salary for the two extra weeks which he worked in July, 1982. This compensation was extraordinary, as evidenced by the fact that it was unprovided for in petitioner's contract and was for work which extended beyond the term of the regular school year and was necessitated by petitioner's retirement. It does not fit the statutory definition of "regular compensation" as required by section 501 (subd 11, par b) of the Education Law.

Since there is a rational basis for respondent's application of the statutory language on both issues presented, Special Term properly dismissed the petition (see *Sherman v New York State Teachers' Retirement System,* 50 NY2d 980; *Matter of Howard v Wyman,* 28 NY2d 434, 438).

Judgment affirmed, without costs. Mahoney, P. J., Kane, Main, Mikoll and Levine, JJ., concur.