■ In the Matter of ARTHUR A. HOHENSEE, Petitioner, v

EDWARD V. REGAN, as State Comptroller and Administrator of the New York State Policemen's and Firemen's Retirement System, Respondent.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which excluded certain payments in calculating petitioner's final average salary upon retirement.

On January 22, 1985, after 20 years of municipal police service, petitioner retired and thereupon became eligible to receive a pension based on his "final average salary" earned in the 12 months immediately preceding his retirement (see, Retirement and Social Security Law § 302 [9] [d]). In computing his final average salary, the State Policemen's and Firemen's Retirement System did not include a lump-sum payment of $2,558.43 received by petitioner on March 2, 1984 as a credit for vacation he did not take in 1984, a similar payment of $2,558.43 received January 4, 1985 for vacation he would not be taking in 1985 because of his retirement, and also $775 paid as a clothing allowance on January 18, 1985. Following a formal hearing, had pursuant to the Retirement and Social Security Law, at which petitioner unsuccessfully challenged respondent's exclusion of these payments in calculating his final average salary, petitioner initiated this CPLR article 78 proceeding seeking a judgment directing respondent to include these three payments in his final average salary and to redetermine and recalculate his monthly retirement allowance accordingly.

Although this matter was improperly transferred to this court, for it involves a statutory interpretation rather than any factual analysis, we retain it pursuant to CPLR 7804 (g) (see, Matter of Consumer Protection Bd. v Public Serv. Commn., 85 AD2d 321, 323, appeal dismissed 57 NY2d 673).

Retirement and Social Security Law § 302 (9) (d) states, in relevant part: " 'Final Average Salary' shall mean the regular compensation earned from such participating employer by a member during the twelve months of actual service immediately preceding the date of such employee's retirement, exclusive of any lump sum payments for sick leave, or accumulated vacation credit, or any form of termination pay". Respondent is responsible for the construction of this statute and, absent a showing that his interpretation is irrational or unreasonable, it is to be upheld (see, Matter of Spitz v Regan, 98 AD2d 920). Construing "regular compensation earned * * * during * * * actual service" to mean fixed regular wages, as respondent has, is consistent with both the plain meaning of "salary" (see,

*Matter of Bateman v Mayor,* 247 NY 250, 259) and a legislative intention to guard against Retirement System members manipulating their pay to inflate their final average salaries *(see,* Retirement and Social Security Law § 431).

That lump-sum vacation payments are not regular compensation is clear from the fact that had petitioner taken his vacation he would have received his regular wages during that period. Having elected to forego his vacation and to work instead, the $2,558.43 payment, the cash equivalent he received in lieu of his 1984 vacation, was in addition to his regular compensation and thus extraordinary *(see, Matter of Cannavo v Regan,* 122 AD2d 523, 524, *lv denied* 68 NY2d 612; *Matter of Martone v New York State Teachers' Retirement Sys.,* 105 AD2d 511, 512). Being such, this payment was properly excluded in arriving at the amount of petitioner's final average salary.

Petitioner's reliance on *Kranker v Levitt* (30 NY2d 574) as an analogue for the proposition that respondent was obliged to treat petitioner's vacation payments, both received within 12 months preceding his retirement, as regular compensation is misplaced. *Kranker* dealt with the inclusion of vacation credits that vested because of a 1957 regulation and its subsequent administrative construction and implementation for an extended period of time *(see, Matter of Weber v Levitt,* 34 NY2d 797, 800, *cert denied sub nom. Lecci v Levitt,* 419 US 997). No such regulation or administrative practice is involved here.

As for petitioner's suggestion that the "accumulated vacation credit" intended to be excluded consists of vacation credits amassed in prior years and not credit accruing within 12 months of retirement, nothing in the legislative history or case law has been brought to our attention to justify making any such distinction. More importantly, respondent's construction which, simply put, is that vacation accumulates when a member becomes entitled to vacation credit and this is so whether that transpires in prior years or in the current year of retirement, is neither unreasonable nor irrational. Notably, this construction avoids bestowing unintended benefits on Retirement System members and comports with an obvious legislative desire to protect Retirement System funds *(Matter of Simonds v New York State Teachers' Retirement Sys.,* 42 AD2d 470, 472).

The clothing allowance is even further from the definition of regular compensation. According to testimony from the Assistant Director of Retirement Benefits for the Retirement

System, an administrative decision was made several years ago that clothing allowances are not considered salary. There is no showing that this interpretation is irrational or unreasonable, nor of any administrative practice giving rise to a vested or contractual right to have these funds treated as salary (see, Matter of Bookhout v Levitt, 43 NY2d 612, 617).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Yesawich, Jr., Levine and Harvey, JJ., concur.