■ In the Matter of LAWRENCE A. HOFFMAN, JR., Petitioner, v NEW YORK STATE POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which excluded certain payments in calculating petitioner's final average salary for retirement purposes.

Petitioner is the former Chief of Police of the Town of Tonawanda in Erie County. He became a member of respondent State Policemen's and Firemen's Retirement System in 1949 and filed an application to retire from the police force effective August 29, 1985. The town participates in the elective retirement plan provided by Retirement and Social Security Law § 302 (9) (d), which allows computation of final average salary based upon a retiree's final year of service.

Prior to his final year of service, petitioner, a salaried

employee not entitled to overtime, wrote to the Retirement System to inquire whether he would be allowed to include in his final average salary, under Retirement and Social Security Law § 302 (9) (d), additional payments received for working during the vacation days which were due him. The Retirement System informed petitioner by letter dated May 16, 1984 that: "Those participating employers who have elected to provide the one year final average salary as set forth in Section 302 (9) of the Retirement and Social Security Law and who have contract provisions such as that in the Town of Tonawanda which provides for the officer to elect to receive a cash equivalent in lieu of taking earned vacation time shall not be permitted to include the amounts received in the calculation of a retirement allowance." Petitioner nevertheless worked during 54 vacation days which were due him in his final year and received the cash value of that vacation time in his biweekly paycheck. These additional payments were referred to as "compensated time" and totaled $8,075.14 during his final 12 months of employment. Petitioner protested the Retirement System's refusal to include the "compensated time" payments in his final average salary under Retirement and Social Security Law § 302 (9) (d). Following an administrative hearing and appeal, respondent Comptroller adhered to the position that the "compensated time" payments were not includable as part of petitioner's final average salary. This CPLR article 78 proceeding followed.

Petitioner contends that the Comptroller's interpretation of Retirement and Social Security Law § 302 (9) (d) is irrational. We cannot agree. This court recently upheld the Comptroller's identical interpretation of the statute when a petitioner had received payment for the value of accrued vacation time near the date of retirement (see, Matter of Hohensee v Regan, 138 AD2d 812). The present case differs from Matter of Hohensee v Regan (supra) only in that petitioner here was paid biweekly for his vacation time rather than in one sum at the time of retirement. The Comptroller's decision to interpret petitioner's biweekly vacation payments during his final year of employment as a lump-sum payment for purposes of Retirement and Social Security Law § 302 (9) (d) is reasonable (cf., Matter of Civil Serv. Employees Assn. v Regan, 94 AD2d 148, 150). Petitioner's form of payment was little more than a thinly veiled attempt to obtain pension credits for earned but unused vacation time, which is excluded from final average salary under Retirement and Social Security Law § 302 (9) (d). To the extent the town reported the additional payments to the

Retirement System as regular compensation and paid its contribution thereon, respondents concede that the town is entitled to recover these excess payments (see, supra, at 149).

Petitioner's contention that Retirement and Social Security Law § 302 (9) (d) violates the Nonimpairment Clause of the State Constitution (NY Const, art V, § 7) is meritless. Retirement and Social Security Law § 302 (9) (d), which was added in 1970 (L 1970, ch 950), does not apply if "the member would otherwise be entitled to a greater benefit under other provisions of [the subdivision defining final average salary]" (Retirement and Social Security Law § 302 [9] [d]). If petitioner would fare better by calculating his final average salary under another provision of Retirement and Social Security Law § 302 (9), he is entitled to have such a calculation made. However, there has been no such showing here. Petitioner's reliance on *Kranker v Levitt* (30 NY2d 574) is misplaced since Retirement and Social Security Law § 302 (9) (d), unlike Retirement and Social Security Law § 431, created a new *optional* benefit which included certain conditions and exclusions. It did not, however, diminish existing rights and, indeed, in most cases, expanded pension rights.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mikoll, Levine, Harvey and Mercure, JJ., concur.