■ In the Matter of FRANK MALISZEWSKI, Petitioner, v EDWARD V. REGAN, as State Comptroller and Administrator of the New York State Policemen's and Firemen's Retirement System, Respondent.—Harvey, J. Proceeding pursuant to

CPLR article 78 (transferred to this court by an order of the Supreme Court, entered in Albany County) to review a determination of respondent which excluded certain payments in calculating petitioner's final average salary for retirement purposes.

After 26½ years of service with the Greenville Fire District of the Town of Scarsdale, Westchester County, petitioner retired on June 6, 1985. His final average salary was calculated upon the amount he earned in the 12 months immediately preceding his retirement *(see,* Retirement and Social Security Law § 302 [9] [d]). When computing this figure, the State Policemen's and Firemen's Retirement System determined that lump-sum payments made to petitioner on January 3, 1985 and May 23, 1985, in the respective amounts of $6,435.60 and $6,435.86, had been for vacation time he did not use and not, as contended by petitioner, for overtime compensation. Petitioner requested a hearing. Following the hearing, the Hearing Officer found that the payments in question were lump-sum payments for accumulated vacation credit and thus properly excluded from petitioner's final average salary. This proceeding ensued.

Although this matter was improperly transferred to this court, for it involves a statutory interpretation rather than any factual analysis, we retain it pursuant to CPLR 7804 (g) *(see, Matter of Consumer Protection Bd. v Public Serv. Commn.,* 85 AD2d 321, 323, *appeal dismissed* 57 NY2d 673).

Respondent's construction of Retirement and Social Security Law § 302 (9) (d) to exclude additional payments received for accrued vacation when a member chooses to work rather than take time off during his final year of employment is rational *(Matter of Hoffman v New York State Policemen's & Firemen's Retirement Sys.,* 142 AD2d 854; *Matter of Hohensee v Regan,* 138 AD2d 812, *lv denied* 72 NY2d 807). Although petitioner contends that the payments he received were for overtime compensation, there is substantial evidence in the record to support respondent's finding that the payments were a credit for unused vacation time. For example, the compensation was not paid pursuant to a detailed overtime plan *(see, Matter of Shames v Regan,* 132 AD2d 743, 744). Indeed, the compensation was not even paid consistent with the terms of the plan which did exist for overtime compensation. Accordingly, we conclude that respondent's determination should be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.