■ In the Matter of RICHARD H. MILLER, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent.— Mercure, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered October 5, 1988 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for a recalculation of his pension.

Petitioner was employed as a teacher for the South Jefferson Central School District (hereinafter School District) in Jefferson County and received additional compensation under an "Optional Extra Work Incentive" program (hereinafter the program) during the 1985-1986 and 1986-1987 academic years. The program, authorized by the collective bargaining agreement covering petitioner's employment, permitted a teacher who had 17 or more years of service with the School District and who was within three years of his minimum retirement age to perform extra work to be determined by agreement between the teacher and the School District. Compensation, termed an "extra work incentive bonus", was fixed at 10% of the teacher's annual salary. Teachers were eligible to participate in the program only once and the "bonus" was payable over a period not to exceed three years.

Petitioner retired from the School District as of June 30, 1987. Respondent excluded compensation from the program in computing petitioner's three-year final average salary under Education Law § 501 (11) (b). Respondent based the exclusion upon the alternative grounds that the payments were non-regular compensation or were paid in anticipation of retirement, a determination challenged by petitioner in this CPLR article 78 proceeding. Supreme Court dismissed the petition; petitioner appeals.

There should be an affirmance. Education Law § 501 (11) (b) defines "final average salary" as: "the average *regular compensation* earned as a teacher during the three years of actual service immediately preceding his date of retirement, or any other three years of consecutive service upon application of the member, *exclusive of any lump sum payments for sick leave, annual leave or any other form of termination pay"* (emphasis supplied). Under respondent's regulations, "three-year final average salary" specifically excludes "termination pay and payments which are not part of the salary base and/or are not paid over a period of years; for example, bonuses and one-time-only increments" (21 NYCRR 5003.1 [a]). The fact that the "extra work incentive bonus" was available but once, only to those eligible for retirement within three years, and was payable over a period not to exceed three years, the very period used to determine pension payments, provided rational support for respondent's determination that the payment was made in anticipation of retirement *(see, Matter of Martone v New York State Teachers' Retirement Sys.,* 105 AD2d 511, 512; *cf., Matter of Hohensee v Regan,* 138 AD2d 812, 813-814, *lv denied* 72 NY2d 807). Absent a showing that respondent's construction of the statute is unreasonable, its determination is to be upheld *(see, Matter of Hohensee v Regan, supra,* at 813). Moreover, the determination "foster[s] the obvious legislative intent in enacting the statute to insure that the basis used to compute retirement allowances reflected a percentage of 'regular salary' earned over a period of years" *(Matter of Simonds v New York State Teachers' Retirement Sys.,* 42 AD2d 470, 472).

Judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur.