■ In the Matter of WILLIAM L. BUCHWALD et al., Appellants, v NEW YORK STATE POLICE AND FIREMEN'S RETIREMENT SYSTEM et al., Respondents.—Casey, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered September 7, 1989 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioners' request for a redetermination of their retirement status.

When petitioners applied for retirement benefits from respondent New York State Policemen's and Firemen's Retirement System (hereinafter PFRS), their requested allowances were reduced based on a PFRS finding that accumulated vacation credits were improperly included in the original "final average salary" of each petitioner. Petitioners sought

restoration of these benefits, claiming that such was "overtime" and thus includable in their one year "final average salary" on which their retirement benefits are based (Retirement and Social Security Law § 302 [9] [d]). The "overtime" claimed by petitioners consisted of payments made to them for work performed during scheduled vacation periods. This work was voluntary and in each case compensated on a "straight time basis". The employment contract required payment of time-and-a-half if the duties were actually "overtime".

The Hearing Officer rejected petitioners' claim that the payments be considered "overtime" under General Municipal Law § 90 and concluded that the recalculation of benefits which denied petitioners' claims was rational. The Hearing Officer found no evidence that the compensation received by petitioners for voluntary employment during vacation periods included "overtime". Respondent Comptroller agreed.

In this CPLR article 78 proceeding, Supreme Court rejected petitioners' claim and dismissed the petition for legal insufficiency, denying petitioners' request to transfer the proceeding to this court for review of a substantial evidence question. We agree with the judgment of Supreme Court. The issue raised by petitioners is not novel. It has already been determined by this court (see, Matter of Maliszewski v Regan, 144 AD2d 170; Matter of Hoffman v New York State Policemen's & Firemen's Retirement Sys., 142 AD2d 854; Matter of Hohensee v Regan, 138 AD2d 812, lv denied 72 NY2d 807). Furthermore, we reject petitioners' attempt to raise a constitutional challenge to the determination for the first time on this appeal (see, Matherson v Marchello, 100 AD2d 233, 241, n 4). The judgment appealed from should be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.