■ EDGAR P. CONRAD et al., on Behalf of Themselves and All Other Retirees Similarly Situated, Respondents, v EDWARD V. REGAN, as State Comptroller and as Administrator of New York State Policemen's and Firemen's Retirement System, Appellant.—Judgment unanimously reversed on the law without costs and judgment granted, in accordance with the following Memorandum: In May of 1985, the City of Buffalo Common Council approved an agreement between the City and unions representing its police and firefighters to add a "preferred overtime" program to their existing collective bargaining agreements. This program allowed covered employees who desired to work on their annual or personal leave days to be placed on a "preferred overtime" list. An employee could elect to participate once and could receive overtime pay (time and one-half) during one calendar year only. Employees would be selected to perform overtime work on a seniority basis. Plaintiffs in these two actions are retired members of the Police and Fire Departments who participated in the "preferred overtime" program. The Comptroller, as Administrator of the New York State Policemen's and Firemen's Retirement System, has advised plaintiffs that payments made during their final year of employment pursuant to the "preferred overtime" program were improperly included as regular compensation in the calculation of their "Final Average Salary", which formed the basis for computation of their retirement allowance, and that the Retirement System would recoup overpayments and reduce the amount of future allowances. Plaintiffs sought judgments declaring that the Comptroller's construction of General Municipal Law § 90 and Retirement and Social Security Law § 302 (9) (d) is erroneous and that the Comptroller's actions are illegal and void. The Comptroller appeals from a judgment in each case which declared the Comptroller's determination to be illegal and which denied his cross motion for summary judgment.

Supreme Court erred in concluding that payments made for work performed under the "preferred overtime" program amounted to overtime compensation to be included as salary for pension or retirement system purposes pursuant to General Municipal Law § 90. That section authorizes municipalities to provide for the payment of overtime compensation to those public officers and employees who are "required to work in excess of their regularly established hours of employment". Because of the constitutional provision against the expendi-

ture of public funds absent express statutory authority *(see,* NY Const, art VIII, § 1), the language of General Municipal Law § 90 must be strictly construed *(Matter of Murray v Levitt,* 47 AD2d 267, 269, *lv denied* 37 NY2d 707). In our view, the Comptroller's determination that the "preferred overtime" program was not part of a comprehensive overtime plan *(see, Matter of Murray v Levitt, supra)* was reasonable and should be upheld. The City's existing collective bargaining agreements contained specific provisions for the payment of overtime compensation to employees who were "required to remain on duty or report for duty" in excess of a regular work shift or schedule. The "preferred overtime" program, by authorizing the payment of overtime compensation to those who volunteer to work on a vacation day, permits employees to be compensated regardless of whether the employee is "required to work". The "preferred overtime" program includes no requirement that the employee accept a call for work nor does it impose a penalty for a refusal to work. Thus, the "preferred" program does not compensate those who are "required to work" overtime hours within the meaning of section 90 of the General Municipal Law. Although the program bears an "overtime" label, in substance it merely provides extra compensation to those who elect to perform extra work in any one year. Courts have consistently upheld the Comptroller's determination that such compensation must be excluded from the calculation of "Final Average Salary", whether part of a plan or not *(see, Matter of Miller v New York State Teachers' Retirement Sys.,* 157 AD2d 890; *Matter of Hoffman v New York State Policemen's & Firemen's Retirement Sys.,* 142 AD2d 854; *Matter of Hohensee v Regan,* 138 AD2d 812, *lv denied* 72 NY2d 807). There is no reason to reach a contrary result in this case. Accordingly, judgment is granted declaring that plaintiffs are not entitled to have compensation received pursuant to the "preferred overtime" program calculated in their "Final Average Salary". (Appeal from Judgment of Supreme Court, Erie County, Doyle, J.—Declaratory Judgment.) Present—Boomer, J. P., Pine, Balio, Lawton and Davis, JJ.