■ EUGENE ABBATIELLO et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, v EDWARD V. REGAN, as State Comptroller and Administrator of the New York State Policemen's and Firemen's Retirement System, Appellant. [614 NYS2d 451] —Weiss, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order and judgment of the Supreme Court (Nastasi, J.), entered November 7, 1991 in Westchester County, which, *inter alia,* granted plaintiffs' motion for summary judgment and declared that defendant must recalculate plaintiffs' final average salaries for retirement purposes.

In order to enhance pension benefits for their members, four unions representing police and firefighters in the City of Yonkers, Westchester County, negotiated a provision in their respective collective bargaining agreements in 1978 (hereinafter referred to as the Preferred Overtime Program) whereby members could, in any two calendar years during their career, voluntarily make a binding election to work during their scheduled vacations and receive straight time pay in addition to vacation pay, with the apparent unspoken intent to increase the final average salary for the purpose of calculation of their retirement pension. Plaintiffs are among approximately 120 former Yonkers police and firefighters who retired between 1978 and 1988, each of whom worked during their vacations under the Preferred Overtime Program in the final year of employment and then retired. Each received pension benefits based on a final average salary which included the compensation paid under the working vacation program.

On or about November 16, 1988 two events occurred. First, the City refused to include compensation for the Preferred Overtime Program in the final average salary of members who retired after that date, and second, defendant notified plaintiffs and others similarly situated that compensation paid for working vacation time should not have been included in their final average salary for computation of their pension benefits and advised each of the reduction in those benefits, as well as his intention to recoup overpayments claimed to have been made.

Plaintiffs commenced this declaratory judgment action to

challenge the legality of the reduction in pension benefits.*
Following service of defendant's answer, plaintiffs moved for
summary judgment and defendant cross moved for summary
judgment dismissing the amended complaint. Supreme Court
granted plaintiffs' motion and subsequently denied defendant's
motion for leave to reargue. Defendant has appealed from the
order and judgment entered November 7, 1991.

The issue upon which this appeal is focused is whether
defendant's determination to exclude from plaintiffs' final
average salary payments made pursuant to the Preferred
Overtime Program or working vacation program was reason-
able and rational. We find that it was and, accordingly,
reverse the order and judgment.

This Court has repeatedly held that manipulations of final
average salary by programs which in substance merely pro-
vide extra compensation to those who elect to perform extra
work in their last year prior to retirement cannot increase the
"Final Average Salary" as defined by Retirement and Social
Security Law § 302 (9) (d) and § 431 (see, Matter of Buchwald v
New York State Police & Firemen's Retirement Sys., 168 AD2d
774, lv denied 77 NY2d 806; Matter of Miller v New York
State Teachers' Retirement Sys., 157 AD2d 890; Matter of
Hoffman v New York State Policemen's & Firemen's Retire-
ment Sys., 142 AD2d 854; Matter of Hohensee v Regan, 138
AD2d 812, lv denied 72 NY2d 807; see also, Matter of Corr v
McCall, 202 AD2d 945; Matter of Maliszewski v Regan, 144
AD2d 170). The circumstances here are not significantly differ-
ent. Supreme Court found the circumstances particularly
similar to those in Conrad v Regan (Sup Ct, Erie County, July
30, 1990, Doyle, J.). However, that judgment was reversed (175
AD2d 629) and the Court of Appeals denied leave to appeal (78
NY2d 860). In Conrad, the City of Buffalo police and firefight-
ers could elect, during one year, to work on their annual and
personal leave days and receive time and a half under a
"Preferred Overtime" program strikingly similar to the pro-
gram in this case (see also, Matter of Buchwald v New York
State Police & Firemen's Retirement Sys., supra). The Conrad

* By order made November 22, 1989, Supreme Court granted defendant's
CPLR 506 (b) (2) and 511 (b) motion to convert the action to a CPLR article
78 proceeding and change venue to Albany County. Plaintiffs' motion for
reargument was granted and, by order made February 21, 1990, Supreme
Court vacated the previous order and reinstated this declaratory judgment
action. The complaint was dismissed against the City of Yonkers and on
October 24, 1990 the court granted an order certifying the class in the
action.

court concluded that the extra compensation must be excluded from the calculation of the final average salary.

There is no reason to reach a contrary result in the case at bar. Defendant is charged with responsibility to administer and interpret the Retirement and Social Security Law and his determinations must be upheld if not irrational or unreasonable *(see, Matter of Burns v Regan,* 87 AD2d 944, *appeals dismissed* 57 NY2d 954). We find defendant's determination, which " 'foster[s] the obvious legislative intent in enacting the statute to insure that the basis used to compute retirement allowances reflected a percentage of "regular salary" earned over a period of years' " *(Matter of Miller v New York State Teachers' Retirement Sys.,* 157 AD2d 890, 891, quoting *Matter of Simonds v New York State Teachers' Retirement Sys.,* 42 AD2d 470, 472), to be rational.

Contrary to plaintiffs' contentions, defendant neither reduced nor impaired plaintiffs' contractual benefits, but rather ascertained the correct final average salaries for State pension purposes. Defendant was entitled to correct the errors resulting from the original inflated figures reported by plaintiffs' employer *(see,* Retirement and Social Security Law § 411; *see also, Matter of Galanthay v New York State Teachers' Retirement Sys.,* 50 NY2d 984), which comports with the obvious legislative desire to protect Retirement System funds *(see, Matter of Hohensee v Regan,* 138 AD2d 812, 814, *supra).*

Accordingly, we hold that Supreme Court erred in declaring defendant's determination to exclude the overtime payments made pursuant to the Preferred Overtime Program (or working schedule vacation program) to be void.

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the order and judgment is reversed, on the law, without costs, motion denied, cross motion granted, summary judgment awarded to defendant and it is declared that defendant's determination to exclude for retirement purposes the extra payments made to plaintiffs pursuant to the Preferred Overtime Program was proper.