OPINION OF THE COURT
Henry F. Zwack, J.
*922 In this CPLR article 78 proceeding, petitioner requests recalculation of her final average salary and an order directing respondent to pay retroactive pension benefits for the period December 2008 through February 2009. Respondent opposes the application.
Petitioner argues that she was never given notice of respondent’s requirement of a one day break in service. She argues that her last day of work at Onteora Central School District was on September 30, 2008 and that her retirement began on October 1, 2008. On October 1, 2008, petitioner went to work in another school district, the Hudson City School District. She then received notice from respondent that in light of this, she had effectively not retired because she had not had a one day break in service. Respondent demanded repayment of retirement pension payments totaling $10,067.08. Petitioner argues that respondent’s actions were arbitrary, capricious and irrational because of the break in service requirement without a specific amount of time being clearly required. Petitioner also notes that in addition to being asked to pay back over $10,000 for the months of October and November 2008, petitioner was deprived of monthly pension payments for the months of December 2008 and January 2009, until she submitted a new retirement application in January 2009. Petitioner requests that respondent recalculate her final average salary with the retirement date of October 1, 2008 and order respondent to retroactively pay pension benefits according to an October 1, 2008 retirement date.
Respondent argues that this proceeding is without merit and should be dismissed. Respondent notes that petitioner, a tier 1 member, was required to cease to be on the payroll of a participating employer prior to being entitled to receive retirement benefits. Respondent notes that it received notice from Hudson City School District indicating that petitioner’s employment commenced on October 1, 2008, which was the day following her last day on the payroll at Onteora.
Respondent argues that petitioner’s October 1, 2008 retirement date was not legally effective because she did not cease to be on the payroll of a participating employer prior to that date for one business day. Respondent contends that this requirement is set forth in a regulation and is also published in information publications and correspondence of respondent.
New York State regulations provide that “[a] retirement application may take effect . . . subject to the following . . . An *923 application for retirement may not take effect until the member has ceased to be paid on the payroll of a participating employer.” (21 NYCRR 5005.3 [a].) The court concurs with respondent, which is charged with administering and interpreting the law governing retirement of members of the Teachers’ Retirement System, that its interpretation of the regulation that there be a one business day break in service is rational (Abbatiello v Regan, 205 AD2d 1027 [3d Dept 1994]). Looking to the plain language of the regulation, petitioner never ceased to be paid on the payroll of a participating employer because she attempted to retire from one school district and then resumed work for another school district the following business day. Based upon the foregoing, the court does not find respondent’s interpretation of the regulation irrational or unreasonable (Abbatiello, supra).
Ordered and adjudged, that the petition be and hereby is dismissed.