In the Matter of HENRY L. BAYLES, Petitioner, *v.* NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.

Third Department, October 29, 1965.

*Henry L. Bayles,* petitioner in person.

*Louis J. Lefkowitz, Attorney-General (George H. Rothlauf* and *Ruth Kessler Toch* of counsel), for respondents.

REYNOLDS, J. This is a proceeding brought pursuant to article 78 of the Civil Practice Act (transferred to this court pursuant to section 1296 of the Civil Practice Act) to review a determination of the Comptroller of the State of New York, rendered after a hearing held in accordance with section 74 of the Retirement and Social Security Law, disallowing petitioner's application for a discontinued service retirement allowance (former section 77 of the Civil Service Law, now section 73 of the Retirement and Social Security Law).

The sole question presented here is the correctness of the Comptroller's decision that petitioner has not completed the necessary '' twenty years of total service '' required as a pre-requisite for benefits. It is undisputed that between December 17, 1930 and January 31, 1950 petitioner, a legal assistant in the Banking Department, accumulated 19 years, one and one-half months' service. In addition petitioner was employed from February 1, 1950 to December 31, 1950 on a half-time basis at half his previous salary and from January 1, 1951 to June 30, 1951, half days on a per diem basis. For this period the Comptroller allowed petitioner only half credit, a total of 8½ months; thus giving him a total service time of only 19 years, 10 months, 2 months short of the statutory requirement. Petitioner claims that he is entitled to full credit for these periods and also to credit for the period October 22, 1956 to April 24, 1957 when he was re-employed by the Banking Department. As to the latter contention, it is clear that petitioner prior to his re-employment had been divested of membership status in the retirement system (Retirement and Social Security Law, § 40, subd. f) and that he did not take the necessary steps to revive his status (Retirement and Social Security Law, § 41, subd. f). It is unquestioned that during such re-employment petitioner did not contribute to the retirement system as required by paragraph 2 of subdivision f of section 41, and his willingness to make up any such arrears now cannot correct such deficiency (Retirement and Social Security Law, § 41, subd. d, par. 2).

The next question is the propriety of allowing petitioner half, rather than full credit for the period from February 1, 1950 to June 30, 1951. As to this problem, we should first note that the

Comptroller is specifically charged with the duty of determining service allowances (Retirement and Social Security Law, § 41, subd. a) and that it is logical that a partial day's service should yield a corresponding partial day's credit. It further appears that this has been the established practice during the lifetime of the retirement system and consistently adhered to by successive Comptrollers. Fractional credit for part-time service was confirmed in *Matter of Bennett* v. *Tremaine* (248 App. Div. 663). Therefore we see no basis upon which the Comptroller's determination should be disturbed.

The determination should be confirmed.

GIBSON, P. J., TAYLOR, AULISI and HAMM, JJ., concur.

Determination confirmed, without costs.