■ In the Matter of Thomas T. Pierce, Petitioner, v Edward V. Regan, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to annul a determination of the Comptroller which denied petitioner's application for additional retirement service credits. Petitioner was elected to the position of Commissioner of the Roslyn Water District in the Town of North Hempstead, effective January 1, 1956. The position was part time and petitioner was paid by the number of water commission meetings which he attended. During this period, petitioner also worked as the owner and director of a private school and summer camps. In February of 1978, petitioner began full-time employment with the County of Nassau. Petitioner applied for an estimate of his retirement service credits in 1980. He was informed that he had accumulated 136 months of credit for both jobs, having been accorded only part-time credit for the period from January, 1956 to February, 1978. Petitioner appeals from this determination on the ground that it was unfair to base the calculations on the manner in which he was paid, i.e., on the number of water commission meetings which he attended. He argues that the calculations should have taken into account the time he spent rendering other services as water commissioner for which he was not paid per se. These include consultations over water main breaks, handling emergency calls and meeting with auditors. The Comptroller is specifically charged with the duty of determining service allowances (Retirement and Social Security Law, § 41, subd a), and so long as his interpretation of the statute for which he has administrative responsibilities is rational and based on substantial evidence, it must be confirmed (*Regan v Heimbach,* 91 AD2d 71, 72, mot for lv to app den 58 NY2d 610). In the instant matter, respondent's determination involves the interpretation of section 41 (subd b, par 1) of the

Retirement and Social Security Law which provides that the Comptroller is to allow retirement credit for "government service", which is defined as "[p]aid service * * * as an officer or employee" (Retirement and Social Security Law, § 2, subd 11, par a). Respondent's calculation of petitioner's retirement credits based on the services for which he was paid rather than on all the services which he rendered would appear to be a rational application of the relevant statutes. Certainly, it is reasonable that petitioner should receive only part-time credit for what was, in fact, a part-time job (see *Matter of Bayles v New York State Employees' Retirement System*, 24 AD2d 96, 98, mot for lv to app den 17 NY2d 420). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Casey, Weiss and Levine, JJ., concur.