■ In the Matter of GEORGE SPITZ, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for one year of retirement service credit in the Legislative and Executive Retirement Plan. During the years 1965 through 1968, petitioner was, concededly, an employee of the New York State Assembly Ways and Means Committee (Ways and Means). Petitioner maintains that in January of 1969, he reported for work at the opening of the legislative session and worked exclusively for Ways and Means, discharging the precise duties that he had in past years, and that he continued to work in this manner until the Assembly adjourned on May 5, 1969. Some time during the year of 1973, while in the process of making inquiry as to his status in the New York State Employees' Retirement System, he learned for the first time that he had not been given credit by the retirement system for a full year's work in 1969. Claiming that he was so entitled because in that year he was a "session employee" as defined in section 80-a (subd a, par 3) of the Retirement and Social Security Law, petitioner made application to the Comptroller for a full year's credit instead of only the three months he had been credited with by the retirement system. When the application was denied, petitioner requested and was granted a hearing pursuant to section 74 of the Retirement and Social Security Law. Upon completion of the hearing, the Comptroller concluded that petitioner did not qualify as a "session employee" as defined in section 80-a of the Retirement and Social Security Law and, therefore, was not entitled to credit for the full year. Petitioner next commenced this proceeding to review the Comptroller's determination and contends that he cannot be transferred from one position to another without his knowledge and consent, that section 80-a (subd a, par 3) of the Retirement and Social Security Law is unclear and ambiguous, and that the Comptroller's decision is not supported by substantial evidence. We disagree. The Comptroller is specifically charged with the duty of determining service allowances (Retirement and Social Security Law, § 41, subd a) and, as the officer responsible for administering the Retirement and Social Security Law, the proper construction of its terms in the first instance (*Matter of Levene v Levitt*, 63 AD2d 787, 788). If the Comptroller's construction of the statute is not irrational or unreasonable, it should be upheld by the courts (*Matter of Howard v Wyman*, 28 NY2d 434, 438). The Legislature has seen fit to grant a full year's credit to "session employees" and defined such an employee as "[a] person employed by the legislature on a session payroll during the entire period of a regular session of the legislature" (Retirement and Social Security Law, § 80-a, subd a, par 3). This language is clear and unambiguous and in such case there is no need to look beyond the plain meaning of the language itself (*Anderson v Regan*, 53 NY2d 356, 362). Concededly, petitioner was not on a session payroll, a requirement for entitlement to a full year's credit, but was instead on the payroll of the Joint Legislative Committee on Legislative Fiscal Analysis and Review (JLC). He was not transferred to the JLC because in January of 1969 he had no position with Ways and Means from which to transfer. While his assignment in January of 1969 to the JLC involved duties strikingly similar to those which he had performed for Ways and Means in past years, petitioner, if for no other reason, should have been suspicious of a change in his employment status because his salary was halved and the method of payment was changed.

The Comptroller's determination is neither unreasonable nor irrational and is in accord with his duty to protect the financial integrity of the retirement system. Because the determination is supported by substantial evidence, it must be upheld. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Levine, JJ., concur.