◼ In the Matter of CHARLES GREEN, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied the inclusion of a retroactive pay increase in the computation of the final average salary of petitioner. ¶ Prior to retiring on September 10, 1979, petitioner had been employed as a police officer by the City of New Rochelle for approximately 24 years. On July 10, 1979, he filed for retirement. His annual salary under the collective bargaining agreement at that time was $22,420. One month later, on August 9, 1979, petitioner entered into a written agreement with the city which provided that his annual salary would be increased retroactively to September, 1978 by 20%, bringing him to a salary of $26,904 by July, 1979. Additionally, the contract provided that on September 11, 1979, the day after petitioner's scheduled retirement, his annual salary would drop to $17,936. ¶ Petitioner retired effective September 10, 1979 and thereafter applied for retirement benefits. In calculating petitioner's retirement benefits, the State Retirement System excluded from consideration the 20% pay increase. Petitioner challenged this determination and was provided with a hearing pursuant to section 374 of the Retirement and Social Security Law. The hearing officer sustained respondent's determination. The Comptroller thereafter affirmed the hearing officer's findings. Petitioner presently seeks to challenge that determination in this CPLR article 78 proceeding, which has been transferred to this court. ¶ Section 431 of the Retirement and Social Security Law provides that the salary base used in the computation of retirement benefits shall not include any form of termination pay or compensation paid in anticipation of retirement. In determining what constitutes termination pay or compensation paid in anticipation of retirement, we must look to the substance of the transaction and not to what the parties may

label it. If the Comptroller's determination is supported by substantial evidence, we must affirm (*Matter of Mowry v New York State Employees' Retirement System*, 54 AD2d 1062). At the hearing, petitioner acknowledged that the 20% pay increase was an inducement to retire and that the city would benefit by petitioner's retirement since it would be able to fill his position at a lower entry level salary. Had petitioner not retired on the day he did, his salary would have been reduced by approximately $10,000 per annum. In light of the foregoing, we find the Comptroller's determination to be rational and supported by substantial evidence (see *Matter of Moore v Levitt,* 74 AD2d 971). ¶ Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.