■ In the Matter of PATRICIA WILLIAMS et al., Petitioners, v EDWARD REGAN et al., Respondents.—Levine, J.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondents which denied petitioners' request to be registered in Tier I of the New York State Employees' Retirement System.

Petitioners are three part-time school monitors in the Massapequa Union Free School District (District) in Nassau County. Two were hired in September 1968 and the third in January 1973. Petitioners filed for membership in the New York State Employees' Retirement System (System) on November 9, 1981, May 3, 1982 and September 30, 1982, respectively. Petitioners were initially placed in Tier I of the System. Thereafter, based upon documentation submitted to the System by the District, petitioners were reclassified into Tier III. Petitioners requested an administrative hearing, wherein it was determined that one petitioner was correctly placed in Tier III and that the other two should be reclassified into Tier II.

Petitioners' Tier I status was dependent upon their entering the System by June 30, 1973 (2 NYCRR 325.2 [a]). Petitioners assert that they were mandatory members of the System at the inception of their employment with the District. If they are correct, they should have been classified as Tier I employees. Petitioners rely on Retirement and Social Security Law § 40 (b) (1) (h) which provides that those employees whose positions pay compensation at a rate greater than $1,500 a year are mandatory members of the System. On their 1981 and 1982 applications for membership, petitioners merely listed their hourly rates of pay and not actual hours worked during the earlier years. The System initially determined their annual pay was more than $1,500 by multiplying their hourly rates by 1,400, this being the average number of hours worked yearly by employees of all participating school districts as established by a survey. The System revised this

determination when the District proved that, except for the 1974-1975 school year, none of the petitioners actually worked 1,400 hours or earned more than $1,500 in a single year. Accordingly, the System redetermined that petitioners were not entitled to Tier I status.

The thrust of petitioners' argument is that it was improper for the System to base its determination on a retrospective assessment of their actual earnings rather than the formula. In support of their contention, they point to legislative history of present section 40 (b) (1) (h) indicative of an intent to have eligibility within the System determined prospectively at the beginning of employment (citing Note of Joint Legislative Committee to Study the New York State Employees' Retirement System, quoted in McKinney's Cons Laws of NY, Book 50½, Retirement and Social Security Law § 40, p 71).

We disagree under the facts and circumstances presented here. Irrespective of whether, in general, eligibility in the System on the basis of annual rate of compensation is to be determined prospectively, such a policy can have little application here when the employees' hours and assignments to positions were totally indefinite at the inception of employment, rending an accurate prospective determination impossible. This being the case, it was not irrational for respondents to interpret the statute to permit a determination of petitioners' annual rate of compensation on the basis of what they actually earned during the years in question (Matter of Pierce v Regan, 98 AD2d 830, 830-831).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.