■ In the Matter of LEONARD J. CANNAVO, Petitioner, v EDWARD V. REGAN, as State Comptroller, et al., Respondents. —Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for a recomputation of his retirement allowance as determined by his final average salary.

Compensation earned by policemen of the City of Yonkers, Westchester County, for special-duty assignment services rendered to organizations or businesses other than the Yonkers Police Department during off-duty hours is not includible in the computation of their one-year final average salary for benefits to be paid under the Retirement and Social Security Law. Accordingly, although special-duty employers remitted the wages directly to the city, which deducted sums for retirement, hospital and disability coverages before payment of the balance to the police officers, these sums may not be used to increase the total salary earned for computation of retirement benefits.

Petitioner retired after 20 years of service in the Yonkers Police Department effective November 28, 1984. Prior to that time, he had received a letter from respondent New York State Policemen's and Firemen's Retirement System dated April 20, 1984, notifying him that the computation of the final average salary for his retirement benefits would not include payments received for performance of extracurricular work while off duty, but that the final average salary would be calculated pursuant to Retirement and Social Security Law § 302 (9) (d). Following a hearing and determination by respondent Comptroller confirming that holding, this CPLR article 78 proceeding was commenced.*

The Comptroller is vested with exclusive authority to determine applications for retirement benefits (Retirement and Social Security Law § 374 [b]), and where supported by substantial evidence, his determination must be upheld *(see, Matter of Cunningham v Regan,* 105 AD2d 922, 923, *affd* 66

* The Comptroller also determined that "there is no authority for a municipality to provide police services, on a contractual basis, to private persons, organizations or corporations". The City of Yonkers Code § 74-9, which purports to authorize its Chief of Police to assign off-duty police officers to work on special assignments on other than city police duty, would appear to be violative of NY Constitution, article VIII, § 1, since in some instances it may in effect be a gift of municipal resources. However, this question is not before this court in this proceeding.

NY2d 628). As the State officer charged with the administration of the Retirement and Social Security Law, the Comptroller must determine, in the first instance, the proper construction of its terms *(Matter of Spitz v Regan,* 98 AD2d 920; *Matter of Byer v New York State Employees' Retirement Sys.,* 90 AD2d 865, 866; *see, Matter of Levene v Levitt,* 63 AD2d 787, 788). That construction will be upheld if not irrational or unreasonable *(Matter of Howard v Wyman,* 28 NY2d 434, 438).

It is uncontroverted that the Yonkers Police Department had two policies concerning overtime. The first, which included any required work on duty, provided for time and one-half compensation for such work. The second policy, described above, provided an opportunity for police officers to earn additional income at their regular hourly rate by working on the special-duty assignments for other employers during off-duty hours. It is important to note that this extra off-duty work was purely voluntary and that an officer performing this off-duty work was not performing the duty for which he had been hired nor earning his regular compensation as a city policeman. The Legislature has provided for the exclusion from the final average salary base any lump-sum payments upon termination, accumulated vacation or sick leave *(see,* Retirement and Social Security Law § 431; *see also, Matter of Green v Regan,* 103 AD2d 878). The Comptroller's refusal to include accumulated credit for hours in part-time work has been upheld by this court *(see, Matter of Pierce v Regan,* 98 AD2d 830), as has his refusal to include credits for uncompensated overtime work *(see, Matter of Moore v Levitt,* 74 AD2d 971). A corollary view is found in the computation of a retiree's three-year average in the New York State Teachers' Retirement System for public school teachers where any "lump sum payments for sick leave, annual leave or any other form of termination pay" is excluded (Education Law § 501 [11] [b]; *see, Symanski v East Ramapo Cent. School Dist.,* 117 AD2d 18).

Moreover, for retirement benefit computation, Retirement and Social Security Law § 302 (9) (d) limits the final average salary to the "regular compensation earned from such participating employer * * * exclusive of any lump sum payments for sick leave, or accumulated vacation credit, or any form of termination pay". In *Matter of Martone v New York State Teachers' Retirement Sys.* (105 AD2d 511), this court upheld the exclusion of two extra weeks' salary from a computation of the final average salary on the ground that such compensation was "extraordinary" *(id.,* p 512).

These decisions, the statutory provisions and the evidence before the Comptroller, taken together, provide a rational basis and substantial evidence to support the determination.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.