OPINION OF THE COURT
William H. Keniry, J.
The petitioner is a full-time faculty member at Erie County *679 Community College and as such, is a Tier II member of the respondent New York State Employees’ Retirement System (the System). Professor Bania was first employed on a full-time basis by the college in January 1975 and has continued her employment to date.
The petitioner in this CPLR article 78 proceeding challenges the determination of the respondent which, following a hearing, concluded that the petitioner was entitled to only .83 of a year of retirement credit for each year of teaching service. Thus, at the conclusion of the petitioner’s tenth year of full-time faculty membership, the System determined that for retirement purposes, she had accumulated only 8V3 years of service. In essence, the respondent has been crediting the petitioner’s retirement account for only 10 months of service for each year of her employment.
The respondent’s determination is based upon its application of Retirement and Social Security Law § 446 to petitioner. That section read, in part, prior to its recent amendment as follows:
"§ 446. Credit for service
"a. Part-time service.
"1. A member of a retirement system who is subject to the provisions of this article who works less than full time, which for the purposes of this article shall mean less than thirty hours a week in the case of a member who has a specified work-week, shall receive retirement credit for such service in accordance with the following provisions:
"(a) A member employed on an hourly basis who works for five hundred or more hours a year and who is on the payroll for a minimum of five months in the year shall receive credit on a prorated basis, but in no event shall less than six hours constitute a full day’s retirement credit;
"(b) A member employed on a per diem basis who works at least sixty days in a year and who is on the payroll for a minimum of five months in the year shall receive retirement credit on a day-for-day basis, but in no event shall less than six hours constitute a full day’s retirement credit;
"(c) If the annual salary of a member paid on a basis other than per diem or per hour would be less than the product of the state’s minimum wage during such period and two thousand hours, the presumption shall be that such a member is a part-time employee and any retirement credit granted shall be *680 prorated; provided, however, such a member shall not receive greater credit than a member working on a per diem basis.
"2. Except for retirement credit for military service as specified in subdivision d of this section, a member shall not receive retirement credit for any day that he is not on the payroll of the state, a political subdivision thereof, or a participating employer.”
Following a hearing authorized by section 74 (d) of the Retirement and Social Security Law, the Hearing Officer concluded that the petitioner was a part-time 10-month-a-year employee of the college for service crediting purposes. The Hearing Officer found that the respondent properly excluded service credit for the months of July and August in each year. The petitioner’s formal application for full service credit was denied in a written determination dated May 2, 1986.
The petitioner alleges that the respondent’s decision was arbitrary and capricious, an abuse of discretion and based upon an error of law. She argues that the application of section 446 by the retirement system was improper since her teaching position was full time and not part time even though she actually taught only during the college’s two semesters which commenced in September and ended in late May of each academic year. The record establishes that the petitioner’s teaching load required 15 classroom hours of instruction each week plus five hours of mandatory office time. Until recently, she received her annual salary in installments payable over a 10-month period. Thereafter, she elected to receive her salary over a 12-month time frame.[1]
The respondent contends that its decision was rational since the petitioner, based upon the reports filed by her employer[2] clearly worked less than 30 hours per week and was actually reported on the college’s payroll as working for only 10 months per calendar year.
The Comptroller is specifically charged with the responsibility of determining service allowances for retirement purposes (Retirement and Social Security Law § 41 [a]; Matter of Armer v New York State Employee’s Retirement Sys., 119 AD2d 944). The Comptroller’s interpretation of a statute will be upheld if *681 it is not irrational or unreasonable (Matter of Spitz v Regan, 98 AD2d 920).
The court is aware that in the New York State Teachers’ Retirement System a full-time public school teacher is entitled to one full year of retirement credit for each school year completed (21 NYCRR 5001.1 [a]). However, the regulations promulgated by the Comptroller which govern the Employees’ Retirement System contain no similar provision which applies to teacher-members of that System. The testimony adduced at the hearing clearly established the fact that the petitioner’s employer reported to the respondent that she was not on the college’s payroll during the months of July and August. There is no proof to the contrary except the petitioner’s testimony that she performed some work during each August in preparation for the upcoming fall semester although admitting that she did not receive any additional compensation from the college.
The petitioner has not submitted any judicial precedent to support her arguments. The court’s research on the issue of full-time or part-time work classification for retirement computations has revealed only a handful of cases, none of which involves a teaching position (Matter of Pierce v Regan, 98 AD2d 830; Matter of Spitz v Regan, 98 AD2d 920; Matter of Bayles v New York State Employees’ Retirement Sys., 24 AD2d 96). In all three cases, the Comptroller’s determinations finding partial retirement credits were sustained. In the Bayles case (supra, at 98) the court stated, "it is logical that a partial day’s service should yield a corresponding partial day’s credit”. This court finds no reason to depart from the application of that rationale to a situation involving a partial year’s service.
Although this court possesses no doubt that the petitioner is a full-time educator and that she considers her position as full-time employment, the record establishes that her employer did not report any service days to the retirement system on her behalf for the months of July and August. Since she admittedly was required to work only 20 hours per week, her classification for retirement purposes as a part-time employee is not irrational. Section 446 (a) (2) provides that "a member shall not receive retirement credit for any day that he is not on the payroll of * * * a participating employer”. The conclusion of the Comptroller that Professor Bania was not in paid service during the two summer months that the college was not in regular session is not arbitrary and capri *682 cious. However inequitable the result,[3] particularly in comparison to the treatment afforded members of the Teachers’ Retirement System, the decision of the respondent in rejecting the petitioner’s application for a redetermination of her service credits must be confirmed. The petition is hereby dismissed, without costs.

. This payment option did not result in any additional work being required of the petitioner nor did it reflect any additional compensation.

. Although the petitioner is a professor at Erie County Community College, it appears from the record that her actual employer was Erie County.

. The Legislature has recently acted to remedy this unfortunate result by enacting Laws of 1986 (ch 616) which amends section 446 (a) (2) of the Retirement and Social Security Law. Under the amendment, teachers shall be afforded 12 months of retirement service credit for each academic year of service rendered after January 1, 1986. The court’s review of the Governor’s bill jacket reveals that the Comptroller raised no objection to the amendment.