■ In the Matter of MICHAEL C. HOLLAND, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents. [617 NYS2d 408] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's request for recalculation of his final average salary.

Petitioner began employment as a police officer with the Village of Haverstraw in Rockland County in 1962 and, in 1975, he was appointed Village Police Chief. Upon the expira-

tion of petitioner's collective bargaining agreement with the Village on May 31, 1988, his base annual salary was approximately $56,000, exclusive of longevity allowances. Between June 1988 and June 18, 1990, petitioner worked without a negotiated contract and received $56,000 per year. In January 1990, after the Village and the other members of the Police Department concluded their contract negotiations, petitioner commenced his negotiations with the Village. Petitioner and the Village reached an agreement dated June 18, 1990 (hereinafter the Agreement) which increased petitioner's salary to $81,000 for the year June 1, 1990 through May 31, 1991. During this period, petitioner would no longer receive new accruals of sick leave, personal leave, vacation or other compensatory time. Additionally, the Agreement provided for a lump-sum payment of $50,000 as additional compensation, in the amount of $25,000 per year for the years 1988-1989 and 1989-1990. In consideration of the payments, petitioner was required to relinquish all of his time accruals on the Village's books. The Agreement expressly provided for petitioner to submit his resignation effective as of July 1, 1990 and commence a period of "terminal leave" during which he would no longer serve on active duty. The Agreement also provided that petitioner would receive the same or equivalent medical insurance as all retired police officers of the Village.

Petitioner applied for retirement benefits from respondent New York State and Local Police and Fire Retirement System (hereinafter the Retirement System) on June 10, 1991. The Retirement System excluded the $81,000 and $50,000 payments set forth in the Agreement and based petitioner's final average salary, determined to be $55,178.56, upon his salary for the three-year period preceding June 1990. Petitioner objected and requested a hearing and redetermination pursuant to Retirement and Social Security Law § 374. The Hearing Officer thereafter concluded that the Retirement System had correctly excluded the challenged payments from calculation of petitioner's final average salary. On January 25, 1993, respondent Comptroller issued a determination finding that the moneys paid out under the Agreement were in the nature of termination pay and additional compensation paid in anticipation of retirement and, as such, were correctly excluded from the calculation of final average salary. The Comptroller therefore denied petitioner's application for recalculation. Petitioner commenced this proceeding challenging that determination.

At issue is whether the Comptroller's determination is

supported by substantial evidence *(see, Matter of Green v Regan,* 103 AD2d 878). We have previously noted that "[t]he Legislature has provided for the exclusion from the final average salary base any lump-sum payments upon termination, accumulated vacation or sick leave" *(Matter of Cannavo v Regan,* 122 AD2d 523, 524, *lv denied* 68 NY2d 612). Evidence that the Agreement was in anticipation of retirement comes not only from terms of the Agreement, including its prefatory clauses,* but also from petitioner's own testimony at the hearing. Petitioner testified that at the time of contract negotiations he had been considering retirement for several years, that he informed Village officials of his interest in retiring and that the method of his retirement was included in the Agreement because he wanted to make sure that he was guaranteed payment for that final year based on his time accruals. There was evidence that retroactive lump-sum payments paid to petitioner upon the conclusion of previous contracts ranged from $3,000 to $6,000, far less than the $50,000 payment under the Agreement.

Notwithstanding petitioner's claim that the challenged payments represent a retroactive salary increase commensurate with salaries paid to police chiefs of comparable-sized police departments, we find that the unusually large amount of the payments to petitioner at a time when he was no longer in active service and linked to his relinquishment of time accruals and the submission of his resignation provide a rational basis and substantial evidence to support the Comptroller's determination. We have considered petitioner's remaining contentions and find them to be either unpreserved for our review or lacking in merit.

Mikoll, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Those clauses read as follows:

"WHEREAS, [petitioner] has expressed his intention to submit his resignation, and

"WHEREAS, the Village, in recognition of [petitioner's] diligent, long-standing service to the community, accept such resignation."