■ In the Matter of DAVID S. BASCOM et al., Petitioners, v H. CARL MCCALL, as State Comptroller and Administrator of the New York State Police and Fire Retirement System, Respondent. [634 NYS2d 245] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioners' request for a recalculation of their final average salary.

Petitioners, firefighters with the Fire Department of the City of Utica, Oneida County, sought to have wages paid pursuant to a call-back plan included in the calculation of their final average salary for the purpose of determining their pension. After a hearing, respondent determined that the payments were not overtime payments or compensation as provided by

General Municipal Law § 90, were not made pursuant to a comprehensive overtime plan, did not constitute regular compensation as defined by Retirement and Social Security Law § 302 and constituted compensation paid in anticipation of retirement as set forth in Retirement and Social Security Law § 431. Petitioners commenced this proceeding to review respondent's determination.

The Fire Department, in order to meet minimum staffing requirements and fill shortages caused by vacancies, vacations, injuries or other reasons, had a call-back system. Those firefighters interested in working on their regularly scheduled days off could voluntarily enter their names on the call-back roster wheel. The Department then used the wheel to contact firefighters until the next day's manning requirement was filled. A firefighter in receipt of a call-back could voluntarily accept or decline the call. Payment was at the regular straight-time rate. Pursuant to petitioners' collective bargaining agreement, firefighters planning to retire were entitled to an absolute preference on call-backs for a 24-month period; however, if such a firefighter failed to retire after utilizing the benefit of the preference, the firefighter forfeited 24 months of call-back eligibility. The call-back system was distinct from the Department's overtime provisions.

The record amply supports respondent's conclusion that the voluntary call-back program was not a comprehensive overtime plan requiring firefighters to work in excess of their regularly established hours of employment (*see, Conrad v Regan*, 175 AD2d 629, *lv denied* 78 NY2d 860; *see also, Matter of Buchwald v New York State Police & Firemen's Retirement Sys.*, 168 AD2d 774, *lv denied* 77 NY2d 806; *Matter of Shames v Regan*, 132 AD2d 743). Similar support exists for the conclusion that payments pursuant to an exercise of the absolute preference on call-backs constituted additional compensation paid in anticipation of retirement for those electing to perform extra work in their last two years prior to their retirement (*see, Abbatiello v Regan*, 205 AD2d 1027, 1029, *lv denied* 84 NY2d 808; *see also, Matter of Hohensee v Regan*, 138 AD2d 812, *lv denied* 72 NY2d 807). Respondent is vested with exclusive authority to determine applications for retirement benefits and where, as here, it is supported by substantial evidence, respondent's determination must be upheld (*see, Matter of Cannavo v Regan*, 122 AD2d 523, *lv denied* 68 NY2d 612; *see also, Abbatiello v Regan, supra*).

Mikoll, J. P., White, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.