■ In the Matter of MARTIN B. WEINSTEIN, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [660 NYS2d 193] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for retroactive membership in the New York State and Local Employees Retirement System.

Between February 19, 1975 and April 11, 1975, petitioner was designated to act as a Hearing Officer under Civil Service Law § 75 with respect to certain charges proffered against a patrolman employed by the Village of Herkimer Police Department in Herkimer County. In January 1994, having since become a member of the New York State and Local Employees Retirement System, petitioner filed an application pursuant to Retirement and Social Security Law § 803 for membership in the retirement system retroactive to 1975, the time that he worked in Herkimer as a Hearing Officer. Following a hearing, respondent denied the application on the basis that petitioner was not an employee of the Village of Herkimer during the time period in question. Petitioner then commenced this CPLR article 78 proceeding challenging respondent's determination.

Based upon our review of the record, we conclude that there is substantial evidence supporting respondent's finding that petitioner, who was paid by voucher for services rendered, was not an employee of the Village during the time he acted as an independent Hearing Officer. Notably, although petitioner's application was made pursuant to Retirement and Social Security Law § 803, the determination denying petitioner's application is erroneously based upon Retirement and Social Security Law § 446. Retirement and Social Security Law § 446 governs the manner of computing credit in the retirement system for

prior public service (*see, e.g., Matter of Allan v New York State Empls. Retirement Sys.*, 106 AD2d 765; *Matter of Bania v New York State Empls. Retirement Sys.*, 135 Misc 2d 678). Retirement and Social Security Law § 803, on the other hand, addresses the accrual of membership in the retirement system and permits current members to backdate their membership to the date they first became eligible to join the retirement system (*see, Board of Coop. Educ. Servs. v State of New York*, 171 Misc 2d 585).

In our view, respondent's finding that petitioner was not an employee of the Village is supported by substantial evidence. However, since petitioner applied for retroactive membership under Retirement and Social Security Law § 803 and respondent did not address petitioner's eligibility under this statutory provision, the determination must be annulled and the matter remitted to respondent for further proceedings.

White, J. P., Casey and Carpinello, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.