■ In the Matter of PATRICK J. HUGHES, Petitioner, v H. CARL McCALL, as State Comptroller and Administrator of the New York State Police and Fire Retirement System, Respondent. [666 NYS2d 847] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for recalculation of his final average salary.

Petitioner, a firefighter employed by the City of Troy in Rensselaer County from January 24, 1973 until July 30, 1994, sought to have certain overtime salary paid to him during his final two years of employment included in his salary base for the computation of his retirement benefits. The New York State and Local Police and Fire Retirement System concluded that the subject salary was earned as the result of petitioner's filing of an "Intent to Retire" notice and thus constituted "compensation paid in anticipation of retirement", not included in his salary base for the computation of retirement benefits pursuant to Retirement and Social Security Law § 431 (3). Following a hearing, respondent denied petitioner's application for recalculation of his final average salary, a determination challenged in this CPLR article 78 proceeding.

The discrete issue here is whether petitioner is entitled to have his overtime hours, amassed in the two years before his retirement, added to the calculation of his final average salary. The burden of proof on the issue reposed with petitioner. In support of his contentions, petitioner offered the testimony of Edward Schultz, Chief of the Troy Fire Bureau, whose duty it was to assign firefighters to overtime. He indicated that his check of fire department records disclosed that petitioner would have worked all of his overtime hours without preferential consideration by virtue of seniority, except as to $2,565, representing 81 hours of overtime, which Schultz attributed to preferential status. He also testified that he gave no order to his staff to accord petitioner preferential treatment. Testimony to the same effect was offered by Battalion Chief Thomas Garrett. The record also discloses that the fire department was

seriously undermanned. Petitioner was 10th in seniority as captain and second in seniority as a paramedic. Also, his training in hazardous materials required his presence in situations where such substances were implicated at fire scenes.

We conclude that the determination denying petitioner overtime is based on a misapplication of Retirement and Social Security Law § 431. Exclusion in the statute refers only to compensation that is paid specifically in anticipation of retirement. There is no evidence here that petitioner's substantial overtime was due to manipulation to increase his final average salary, nor that it was accorded him other than in consideration of his seniority status.

While the interpretation of a statute by an agency responsible for its administration will be upheld by the courts if reasonable (*see, Matter of Cannavo v Regan*, 122 AD2d 523, *lv denied* 68 NY2d 612), it should not be followed where, as here, overtime was assigned to petitioner out of necessity and based on seniority. Respondent's blanket exclusion of overtime is not supported by the evidence and is contrary to the intent of the statute. In revealing testimony, the State's Assistant Director of Retirement Services, when questioned on how she concluded that petitioner's overtime was attributable to preferential treatment as opposed to seniority, testified that the Retirement System had no way of knowing if overtime is attributable to seniority or preference. The crucial determination in her own words was "if you sign an intent to retire, that does it right there".

Mercure, Casey and Peters, JJ., concur. Adjudged that the determination is annulled, with costs, and petition granted.