■ In the Matter of DUANE J. FOSTER, Petitioner, v H. CARL McCALL, as New York State Comptroller, et al., Respondents. [669 NYS2d 744] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's request for recalculation of his final average salary or retirement benefits.

Petitioner was employed as a police officer since 1968, and most recently served as Chief of Police for the Village of North Syracuse in Onondaga County. On April 6, 1994, petitioner and the Village entered into an agreement to settle petitioner's claims for back wages, holiday pay, paid sick leave and unused vacation, pursuant to which petitioner received a $35,000 lump-sum payment. The settlement agreement indicated that $15,000 of that sum was allocated as payment for back wages for the period 1990 to 1994. Effective April 13, 1994, petitioner retired from his position.

In calculating petitioner's retirement benefits, respondent State and Local Police and Fire Retirement System excluded the entire $35,000 from petitioner's final average salary (*see*, Retirement and Social Security Law § 302 [9] [b]). Petitioner objected and requested a hearing, asking that the $15,000 assertedly representing back wages be included in the calculation of his final average salary. Following a hearing, the Hearing Officer concluded that the Retirement System properly excluded the challenged payment when calculating petitioner's final average salary. On administrative appeal, respondent Comptroller, finding that the lump-sum payment was part of an inducement to retire, denied petitioner's application for recalculation. Petitioner commenced this proceeding challenging the determination and we confirm.

The Comptroller has exclusive authority to pass upon applications for retirement benefits (*see*, Retirement and Social Security Law § 374 [b]), and his determination is to be upheld if supported by substantial evidence (*see*, *Matter of Cannavo v Regan*, 122 AD2d 523, *lv denied* 68 NY2d 612). Here, the record supports the Comptroller's finding that the amount at issue was paid in anticipation of petitioner's retirement, and was

therefore properly excluded from the calculation of his retirement benefits (*see,* Retirement and Social Security Law § 431 [3]; *see also,* Retirement and Social Security Law § 302 [9] [b]). The settlement agreement between petitioner and his employer explicitly states that the $15,000 payment for back wages is "an inducement to [petitioner] to retire". In addition, petitioner testified that the only reason he retired was because his employer acceded to the agreement.

To the extent that petitioner contends that the $15,000 payment was mandated pursuant to General Municipal Law § 207-m, we note that there has been no determination that the Village was obligated to make such payment, nor does the record evidence establish that fact. Not insignificantly the agreement, when read as a whole, strongly suggests that the $15,000 was allocated to back wages, not because of the perceived merit of this aspect of petitioner's claim, but rather because of the parties' presumptions regarding the effect the allocation would have on petitioner's retirement benefits. Inasmuch as the Comptroller's decision to exclude the entire settlement payment finds ample support in the record, it must be upheld (*see, Matter of Bascom v McCall,* 221 AD2d 879, 880; *Matter of Holland v Regan,* 208 AD2d 1096, 1098).

Cardona, P. J., Crew III, White and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.