■ In the Matter of Lowell J. Tooley, Petitioner, v Carl McCall, as Comptroller of the State of New York, Respondent. [676 NYS2d 259] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's request for recalculation of his final salary.

Petitioner, who retired after nearly 40 years of service with the Village of Scarsdale in Westchester County, challenges respondent's determination to exclude approximately $80,000 in "longevity pay" from his annual base salary for computation of his retirement benefits (see, Retirement and Social Security Law § 431). Fundamentally, retirement benefits are to be computed on the basis of an employee's regular salary and not on any kind of termination pay or other form of additional

compensation paid in anticipation of retirement (*see*, Retirement and Social Security Law § 431 [2], [3]; *see also*, *Matter of Holland v Regan*, 208 AD2d 1096; *Matter of Martone v New York State Teachers' Retirement Sys.*, 105 AD2d 511 [decided under Education Law § 501 (11) (b)]). Furthermore, respondent is vested with exclusive authority to determine applications for retirement benefits and, if supported by substantial evidence, his determination must be upheld (*see*, *Matter of Bascom v McCall*, 221 AD2d 879).

In this case, ample evidentiary support for respondent's determination can be found in the characterization of the income as "longevity pay" in petitioner's employment contract, in the express contract provision that the payments were in recognition of petitioner's many years of "quality service", and by virtue of the fact that the enhanced compensation plan—providing for an 80% increase over petitioner's regular salary—was instituted after petitioner had already attained retirement age (67 years old) and that payments under the plan were made only during the final three years of petitioner's employment (*see*, *Matter of Holland v Regan*, *supra*; *Matter of Martone v New York State Teachers' Retirement Sys.*, *supra*). Opposing evidence presented by petitioner, which provided arguable support for a contrary determination, merely created a credibility issue for respondent's resolution.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.