■ In the Matter of TERRANCE DAVIES et al., Petitioners, v NEW YORK STATE AND LOCAL POLICE AND FIREMAN RETIRE-

MENT SYSTEM et al., Respondents. [686 NYS2d 882] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioners' request for recalculation of their final average salary.

Prior to retiring, petitioners, all formerly employed as police officers for the City of Corning in Steuben County, elected to participate in the "senior officer" program pursuant to the terms of a collective bargaining agreement entered into between the City and its police officers. Under the terms of the program, petitioners gave up 20% of their respective accumulated sick leave credits, in exchange for which each petitioner received an increase in salary equal to 30% of the value of his remaining sick days. This increased hourly rate not only applied to petitioners' base salaries but also affected any overtime or holiday pay incurred.

Following their respective retirements, petitioners were informed that the increase in their base salaries resulting from their participation in the senior officer program should not have been included in their "final average salary" for purposes of calculating their retirement benefits. Accordingly, petitioners' respective benefits were reduced and arrangements were made to recoup the overpayments. Petitioners thereafter filed a timely request for a hearing and redetermination. Respondent Comptroller denied petitioners' respective applications, prompting petitioners to commence this proceeding pursuant to CPLR article 78 to challenge the underlying determination.

It is well settled that the Comptroller is vested with exclusive authority to determine applications for retirement benefits and such determination, if supported by substantial evidence, must be upheld (*see, Matter of Bascom v McCall*, 221 AD2d 879, 880). In denying the respective applications here, the Comptroller concluded that the City's senior officer program was nothing more than an attempt to circumvent the prohibition contained in Retirement and Social Security Law § 431 against using accumulated sick leave credits in calculating an applicant's final average salary. Based upon our review of the record as a whole, we cannot say that such determination is not supported by substantial evidence.

As this Court recently held, "retirement benefits are to be computed on the basis of an employee's regular salary and not on any kind of termination pay or other form of additional compensation paid in anticipation of retirement" (*Matter of*

*Tooley v McCall*, 252 AD2d 794, 794-795; *see*, Retirement and Social Security Law § 431 [2], [3]). Although acknowledging, as they must, that their respective salary increases were based, in part, upon the value of their accumulated sick leave credits, petitioners nonetheless assert that there was no violation of Retirement and Social Security Law § 431 because there was no lump-sum payment of accumulated sick leave credits. Petitioners' argument on this point, however, misses the mark. "In determining what constitutes termination pay or compensation paid in anticipation of retirement, we must look to the substance of the transaction and not to what the parties may label it" (*Matter of Green v Regan*, 103 AD2d 878, 878-879). The documentary evidence and testimony adduced at the administrative hearing fully support the Comptroller's determination that the senior officer program was designed to circumvent the provisions of Retirement and Social Security Law § 431. Petitioners' remaining arguments have been examined and found to be lacking in merit.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.