■ In the Matter of WILLIAM F. FRANKS, Petitioner, v THOMAS P. DINAPOLI, as Comptroller of the State of New York, Respondent. [861 NYS2d 484]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's request for recalculation of his final average salary.

Petitioner was employed by the Town of Stony Point Police Department starting in 1974, and served as police chief from 1996 until his retirement in 2002. Pursuant to his first four-year contract as police chief, petitioner received executive longevity increments which gradually increased from a one-half day of pay per two-week pay period in 1996 to two days of pay per pay period in 2000. Petitioner drafted and negotiated his second contract as chief, which was effective from July 2000 to July 2002. That contract included executive longevity payments of 5½ days of pay per pay period for the first year and eight days of pay per pay period during the second year. The longevity payment provision contained a paragraph specifying that if petitioner elected to continue his employment as chief beyond the end of the contract, his executive longevity increments would revert back to two days of pay per pay period on August 1, 2002. Petitioner served out the term of his contract and retired effective August 1, 2002.

The State and Local Police and Fire Retirement System notified petitioner that it had calculated his retirement benefits based on a final average annual salary of $166,463.40. That amount included only two of his eight days per pay period of executive longevity payments; inclusion of amounts for the remaining six days would have increased the annual salary by $70,650.78. A Hearing Officer upheld the initial determination and respondent affirmed, prompting petitioner to commence this proceeding challenging the calculation of his retirement benefits. We affirm.

Respondent is vested with exclusive authority concerning ap-

plications for retirement benefits, requiring confirmation of his determinations if they are supported by substantial evidence (*see Matter of Davies v New York State & Local Police & Fireman Retirement Sys.*, 259 AD2d 912, 913 [1999], *lv denied* 93 NY2d 810 [1999]; *Matter of Tooley v McCall*, 252 AD2d 794, 795 [1998]). Pursuant to the Retirement and Social Security Law, the salary base used to compute retirement benefits "shall not include any form of termination pay or compensation paid in anticipation of retirement" (*Matter of Green v Regan*, 103 AD2d 878, 878 [1984]; *see* Retirement and Social Security Law § 302 [9] [d]; § 431 [2], [3]). Regardless of the labels attached to compensation by the parties, the substance of the transaction and payments controls (*see Matter of Davies v New York State & Local Police & Fireman Retirement Sys.*, 259 AD2d at 914; *Matter of Green v Regan*, 103 AD2d at 878-879).

Here, respondent's determination is supported by substantial evidence. Petitioner testified that he informed the Town Board prior to approval of his second contract that he intended to retire at the end of its term. He had accumulated more than sufficient yearly credits to qualify for retirement even prior to negotiation of that contract, and the contract stated that longevity payments were included in recognition of petitioner's continued service to the Town (*see Matter of Tooley v McCall*, 252 AD2d at 795). The contract dramatically increased the longevity payments compared to petitioner's prior years as chief, in such a way as to avoid limitations of benefits under another section of the statute (*see* Retirement and Social Security Law § 431 [4]), and provided that these increased payments would revert to the amount in the prior contract if petitioner did not retire (*see Matter of Green v Regan*, 103 AD2d at 879). Although petitioner testified that the large increase in longevity payments was negotiated in exchange for a waiver of overtime rights, the contract does not mention such an exchange, and petitioner's testimony created a credibility issue which respondent was free to resolve (*see Matter of Tooley v McCall*, 252 AD2d at 795). Under the circumstances, substantial evidence supports respondent's determination that the executive longevity increments constituted compensation in anticipation of retirement, which is properly excluded when calculating an employee's salary for the purpose of retirement benefits.

Spain, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.