*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   November 5, 2015                    520384
_____

In the Matter of MARK TAMUCCI,
                    Petitioner,

          v                                    MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
    Comptroller, et al.,
                    Respondents.
_____

Calendar Date:   September 17, 2015

Before:  Peters, P.J., McCarthy, Garry and Rose, JJ.

                        _____


        The Quinn Law Firm, PLLC, White Plains (Anthony J. DiFiore
of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondents.

                        _____


McCarthy, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Comptroller denying
petitioner's application for recalculation of his final average
salary.

        Between 1989 and 2009, petitioner was employed as a police
sergeant with the Town and Village of Harrison Police Department
(hereinafter the police department) and was a member of
respondent New York State Police and Fire Retirement System and
the Town of Harrison Police Association.  During his last three
years of employment, petitioner received special-duty overtime
wages for services performed on special details.  Special details

result from private entities contracting with the police department for its officers to provide various services that would not otherwise be afforded to such entities. After petitioner's retirement, the New York State and Local Retirement System sent petitioner a letter indicating this his final average salary was based on calculations that did not include salary resulting from special-duty overtime wages.

Petitioner thereafter sought a recalculation of his final average salary that included such overtime wages. Eventually, after a hearing, a Hearing Officer concluded that the wages that petitioner earned for services performed on special details were properly excluded from the calculation of his final average salary. Respondent Comptroller adopted the decision of the Hearing Officer and denied petitioner's application for a recalculation of his final average salary. Petitioner then commenced this CPLR article 78 proceeding. Supreme Court, finding that the petition raised an issue of substantial evidence, transferred the proceeding to this Court.

The Comptroller is vested with the "exclusive authority to determine all applications for retirement benefits and the determination must be upheld if [the] interpretation of the controlling retirement statute is reasonable and the underlying factual findings are supported by substantial evidence" (Matter of Earle v Office of the N.Y. State Comptroller, 128 AD3d 1317, 1317 [2015] [internal quotation marks and citations omitted]; accord Matter of Brandt v DiNapoli, 126 AD3d 1165, 1166 [2015], lv denied 26 NY3d 904 [2015]; see Retirement and Social Security Law § 374 [b]). Substantial evidence is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987] [internal quotation marks and citations omitted]; accord Matter of Dewitt v New York State Bd. of Law Examiners, 90 AD3d 1457, 1457 [2011], lv denied 18 NY3d 810 [2012]). As is relevant here, "final average salary" is defined as "[t]he average annual compensation of a member for credited government service not exceeding his [or her] three years of credited government service immediately preceding his [or her] date of retirement" (Retirement and Social Security Law § 302 [9] [a]). "Government service" includes, among other things, paid "[s]ervice as an

officer or employee of an employer" (Retirement and Social Security Law § 302 [12] [a]).  "Employer," in turn, is defined as "[t]he state, a participating employer, and any other unit of government or organization obligated or agreeing . . . to make contributions to the retirement system on behalf of its police [officers] and fire [fighters]" (Retirement and Social Security Law § 302 [8]).  Finally, "participating employer" includes "any municipality participating in the [police and fire] retirement system" (Retirement and Social Security Law § 302 [20]).

The Comptroller's finding that petitioner's services during special details were provided to the relevant private entities, rather than the police department, is supported by substantial evidence.  The uncontested record evidence established that private entities paid the police department in order to receive services, performed by petitioner and other officers, in the form of special details.  A reasonable person could infer that the police department required these private entities to pay for the services because it had determined that such services were not within the scope of its responsibilities to the public.[1]

To the extent that we have previously indicated that the voluntariness of such services is relevant to the inquiry (see Matter of Cannavo v Regan, 122 AD2d 523, 524-525 [1986], lv denied 68 NY2d 612 [1986]), petitioner unambiguously testified that he had volunteered for all of the special details on which he had performed services.  Further, there is no indication in the record that the police department had ever ordered or otherwise compelled petitioner or any of his fellow officers to perform services on special details.  Considering the evidence that private entities contracted to have these services provided to them, and further acknowledging the lack of evidence that special details were, in fact, required by the police department, substantial evidence supports the Comptroller's determination that the services that petitioner performed on special details were not provided to the police department (see Matter of Cannavo v Regan, 122 AD2d at 524-525).  Petitioner's remaining

_____

[1]  Whether that determination is correct is not an issue before this Court.

contentions are without merit.

Peters, P.J., Garry and Rose, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court