Matter of Vladyka v DiNapoli (2025 NY Slip Op 02979)

Matter of Vladyka v DiNapoli

2025 NY Slip Op 02979

Decided on May 15, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 15, 2025

CV-24-0140
[*1]In the Matter of Richard Vladyka, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, et al., Respondents.

Calendar Date:March 26, 2025

Before:Clark, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

Girvin & Ferlazzo, PC, Albany (Bonnie R. Watson of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondents.

Ceresia, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for Retirement and Social Security Law article 15 service retirement benefits.
Petitioner worked as a correction officer for the Department of Corrections and Community Supervision for over 34 years, resigning from his position in April 2021. In March 2021, petitioner also began working for the Granville Central School District as a school bus monitor. On May 13, 2021, petitioner filed an application with the New York State and Local Retirement System seeking service retirement benefits with the school district pursuant to Retirement and Social Security Law article 15, indicating an effective retirement date of May 15, 2021.[FN1] Petitioner also informed the school district that he was retiring on that date "with the intent of continuing my employment" with the school district. Petitioner did not work on his date of retirement, which fell on a Saturday. He called in sick on the following Monday, May 17, 2021 and sought sick leave pay, and he returned to work on Tuesday, May 18, 2021. Petitioner resigned from his position as a bus monitor on October 15, 2021 due to health reasons, but continued to work for the school district as a consultant.
In May 2019, respondent Comptroller's pension integrity bureau began investigating retirement applications submitted by individuals who had predominantly worked as correction officers but were seeking benefits under Retirement and Social Security Law article 15. In a letter dated February 2, 2022, the bureau informed petitioner that, after reviewing his application, he was "not eligible to retire under the [a]rticle 15 plan as of the effective date of [his] retirement (i.e., May 15, 2021) because [he] did not have a bona fide termination from employment." Following a hearing, the Hearing Officer denied petitioner's application, finding, among other things, that petitioner had not demonstrated that he had a bona fide termination of his employment. The Comptroller upheld the Hearing Officer's decision, and petitioner commenced this CPLR article 78 proceeding.
"The Comptroller has exclusive authority to determine all applications for retirement benefits and the determination must be upheld if the interpretation of the controlling retirement statute is reasonable and the underlying factual findings are supported by substantial evidence" (Matter of Brandt v DiNapoli, 126 AD3d 1165, 1166 [3d Dept 2015] [internal quotation marks and citations omitted], lv denied 26 NY3d 904 [2015]; see Matter of Tamucci v DiNapoli, 133 AD3d 960, 961 [3d Dept 2015]). This Court has previously addressed the Comptroller's requirement that applicants for retirement benefits under Retirement and Social Security article 15 demonstrate a bona fide termination of his or her employment in order to obtain benefits (see Matter of Strzepek v [*2]DiNapoli, 227 AD3d 1353 [3d Dept 2024]). Acknowledging that Retirement and Social Security Law article 15 does not define the term "retirement," we employed the commonly understood meaning of the term, which is " 'to withdraw from one's position or occupation' or to 'conclude one's working or professional career' " (id. at 1356, quoting Merriam-Webster.com Dictionary, retirement [https://www.merriam-webster.com/dictionary/retirement]). Based upon this meaning, we upheld the Comptroller's interpretation that an applicant for Retirement and Social Security Law article 15 benefits "must demonstrate that he or she actually retired from public service employment in the first instance" and concluded "that it is entirely rational and reasonable for [the Comptroller] to require that such retirement be genuine, i.e., the applicant must demonstrate that there has been a legitimate cessation or termination of employment" (id.).[FN2]
Here, the record reflects that petitioner and the school district had agreed that, although May 15, 2021 would be considered petitioner's date of retirement, he would continue working for the school district going forward. There was no break in employment, however, as petitioner worked on Friday, May 14, 2021, his date of retirement was the next day, a Saturday, and he was scheduled to work on Monday, May 17, 2021. Petitioner called in sick on that Monday and he requested to be paid sick leave, and he returned to work the next day. In light of the Comptroller's reasonable interpretation of the term "retirement," and considering that petitioner continued to work for the school district after his retirement date without demonstrating a legitimate cessation of employment, substantial evidence supports the Comptroller's determination that petitioner was ineligible for benefits because he did not actually retire from service on May 15, 2021 (see id. at 1357).
We reject petitioner's contention that the Comptroller's requirement that applicants for Retirement and Social Security Law article 15 benefits demonstrate a bona fide termination of employment in order to obtain benefits is inconsistent with 26 USC § 401 (a) (36).[FN3] Although that subsection recognizes that distributions from trusts forming part of a qualified pension plan "may be made from such trust to an employee who has attained age 59½ and who is not separated from employment at the time of such distribution" without the trust being "treated as failing to constitute a qualified trust under this section" (26 USC § 401 [a] [36] [A] [emphasis added]), such distributions are not required of qualified pension plans. Notably, Retirement and Social Security Law article 15 does not provide for distribution of benefits to members who are not separated from employment at the time of distribution (see Retirement and Social Security Law § 600 et seq.). Accordingly, 26 USC § 401 (a) (36) (A) is not applicable to Retirement and Social Security Law article 15 benefits.
Contrary to petitioner's [*3]assertion, the proposition that applicants must demonstrate that they are actually retired in the first instance "does not . . . impose a new standard or retroactive requirement upon those seeking benefits under Retirement and Social Security Law article 15" (Matter of Strzepek v DiNapoli, 227 AD3d at 1356 n 3). Nor is the proposition an unpromulgated rule being applied without having been adopted pursuant to State Administrative Procedure Act § 202. "The primary difference between a rule or regulation and an interpretive statement or guideline is that the former set standards that substantially alter or, in fact, can determine the result of future agency adjudications while the latter simply provide additional detail and clarification as to how such standards are met by the public and upheld by the agency" (Matter of Plainview-Old Bethpage Congress of Teachers v New York State Health Ins. Plan, 140 AD3d 1329, 1331 [3d Dept 2016] [internal quotation marks, brackets and citations omitted], appeal dismissed 28 NY3d 1168 [2017], lv denied 29 NY3d 910 [2017]; accord Matter of North Shore Hematology-Oncology Assoc., P.C. v New York State Dept. of Health, 233 AD3d 97, 100-101 [3d Dept 2024]). "Courts have previously found administrative directives to be interpretive statements when they rely on and constitute reasonable interpretations of existing regulations or statutes" (Matter of Board of Educ. of the Kiryas Joel Vil. Union Free Sch. Dist. v State of New York, 110 AD3d 1231, 1233 [3d Dept 2013], lv denied 22 NY3d 861 [2014]). In our view, the proposition that applicants must be retired in the first instance to be eligible for retirement benefits is a reasonable interpretation of Retirement and Social Security Law article 15 and is therefore exempt from the rulemaking requirement under the State Administrative Procedure Act (see Matter of Stewart v NYC Tr. Auth., 115 AD3d 1046, 1047 [3d Dept 2014]; Matter of Board of Educ. of the Kiryas Joel Vil. Union Free Sch. Dist. v State of New York, 110 AD3dat 1234).
Finally, we are unpersuaded by petitioner's further claim that the Comptroller should be estopped from denying his application. "Generally, estoppel may not be invoked against the state or its agencies absent a showing of fraud, misrepresentation, deception, or similar affirmative misconduct, along with reasonable reliance thereon, and the Comptroller cannot be estopped to create rights to retirement benefits to which there is no entitlement" (Matter of Smith v DiNapoli, 167 AD3d 1208, 1211 [3d Dept 2018] [internal quotation marks and citations omitted]). The crux of petitioner's argument — that requiring a bona fide termination of employment is a new standard imposed by the Comptroller — has, as noted above, previously been rejected by this Court (see Matter of Strzepek v DiNapoli, 227 AD3d at 1356 n 3). Further, in our view, the Comptroller's reasonable interpretation that applicants for Retirement and Social Security Law article 15 benefits demonstrate [*4]a legitimate cessation or termination of employment prior to re-employment does not constitute fraud, misrepresentation, deception or similar misconduct in order to implicate the exception allowing the doctrine of estoppel to be invoked against a state agency (see Matter of Atlantic States Legal Found., Inc. v New York State Dept. of Envtl. Conservation, 119 AD3d 1172, 1173 [3d Dept 2014]). Petitioner's remaining contentions have been considered and found to be lacking in merit.
Clark, J.P., Aarons, Pritzker and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: "Retirement System members who retire as correction officers are entitled to benefits under Retirement and Social Security Law article 14, whereas members employed by certain other public employers, including school districts, are entitled to benefits under Retirement and Social Security Law article 15" (Matter of Strzepek v DiNapoli, 227 AD3d 1353, 1354 n 1 [3d Dept 2024]; see Retirement and Social Security Law §§ 504 [e]; 600 [2] [a]). If a former correction officer retires after service with an article 15 employer, the officer could receive a more advantageous benefit than that provided under article 14 (see Matter of Strzepek v DiNapoli, 227 AD3d at 1354 n 1).

Footnote 2: Contrary to petitioner's contention, the Comptroller's interpretation does not conflict with Retirement and Social Security Law § 212, as that statute addresses the re-employment of retired persons, presupposing that such persons have actually retired in the first instance (see Retirement and Social Security Law § 212 [1]; see also Matter of Strzepek v DiNapoli, 227 AD3d at 1356-1357).

Footnote 3: The Retirement System is a tax-qualified pension plan under the Internal Revenue Code (see 26 USC § 401 [a]; 2 NYCRR 379.1).